## Commonwealth *versus* Haas.

1. The limitation prescribed by the 77th section of Act of March 31st 1860 (Criminal Procedure), is to be computed from the time a true bill is found. " Prosecution" is used in the act as synonymous with " indictment."

2. Astuteness must not be employed to narrow or take away a defence granted by law to a party accused of crime.

3. The order of the Court of Quarter Sessions quashing an indictment is the judgment of a court of record according to the course of the common law, and can be removed to the Supreme Court only by writ of error.

March 17th 1868.   Before STRONG, AGNEW and SHARSWOOD, JJ. THOMPSON, C. J., at Nisi Prius.   READ, J., absent.

Certiorari to the Court of Quarter Sessions of *Lehigh county*: No. 90, to January Term 1868.

In the court below this was a prosecution against Levi Haas, for obtaining money on false pretences.   The prosecution was commenced on an information before a justice of the peace, made March 7th 1867, that the defendant in May 1865 had obtained from the prosecutor $9000 by false pretences.

The grand jury, September 11th 1867, returned the bill on this prosecution a true bill.

The indictment charged the offence as having been committed on the 9th of May 1865.

There was a motion made to quash the indictment, because it had not been " filed and exhibited" in court within two years of the time fixed in the indictment for the commission of the alleged offence, and was therefore barred by the Statute of Limitations.

The court (Maynard, P. J.) delivered the following opinion:—

" The counsel for the Commonwealth admit that time laid in the indictment for the commission of the offence is the true and proper time, and that the defendant has not been out of the state since that time.

" The record shows that the indictment was not found until after the expiration of two years from the commission of the offence.

" The record shows that the prosecution was commenced before a magistrate within two years.   The counsel for the Common-

[Commonwealth v. Haas.]

wealth state, and the court presume the same to be true, that the fraud complained of was not discovered until about the date of the prosecution before the justice. It is also admitted by the Commonwealth's counsel, that the case was continued at the first term of the prosecution at the instance of the Commonwealth.

"The court is of opinion that the prosecution is barred by the statute, and for that reason quash the indictment."

The law under which the indictment was quashed was the Act of March 31st 1860, § 77, Pamph. L. 450, Purd. 265, pl. 77. It is as follows:—

"All indictments and prosecutions for other felonies not named or excepted heretofore in this section, and for all misdemeanors— perjury excepted—shall be brought or exhibited within two years next after such felony or misdemeanor shall have been committed."

The Commonwealth removed the case to the Supreme Court by certiorari, and assigned the quashing of the indictment for error.

*E. J. Fox* (with whom was *E. Albright*), for the Commonwealth, plaintiff in error, referred to the Act of Assembly *supra ;* 4 Bl. Com. 302; Vondersmith's Case, 1 Wh. Crim. L., § 346 ; Rex *v.* Willice, 1 East P. C. 186; Rex *v.* Brooks, 1 Den. C. C.; Rex *v.* Austin, 1 C. & K. 621.

*J. H. Oliver* and *J. D. Stiles*, for defendant in error, referred to Whart. Cr. L. 240; State *v.* T. P., 1 Tyler's R. 283; Commonwealth *v.* Alsop, Leg. Intel., June 21st 1867; Act of Congress April 30th 1790, § 32, Brightly's U. S. Dig. 222, pl. 107.

The opinion of the court was delivered, March 23d 1868, by

SHARSWOOD, J.—The question which it is intended to raise on this record is, whether the limitation prescribed in the Act of March 31st 1860, § 77, Pamph. L. 450, entitled "An act to consolidate, revise and amend the laws of this Commonwealth relating to penal proceedings and pleadings," is to be computed from the time a true bill is found by the grand jury, or from the date of the complaint preferred before a magistrate, where the prosecution has been commenced in that manner. The act provides, that "all indictments which shall hereafter be brought or exhibited for any crime or misdemeanor—murder and voluntary manslaughter excepted—shall be brought or exhibited within the time and limitation hereafter expressed, and not after." If the statute had then simply proceeded to prescribe the limitation, it would not admit of any doubt, that the time when the bill is found is the period from which it must be computed. But it adds, so far as the law before us is concerned : "that is to say, all indictments and prosecutions for all misdemeanors—perjury excepted—shall be brought

[Commonwealth *v*. Haas.]

or exhibited within two years next after such misdemeanor shall have been committed." There must be admitted to be considerable ingenuity in the argument that the word "indictments," employed in the first clause of the section, is explained and defined by what follows : "All indictments—that is to say, all indictments and prosecutions." From the use of the phrase "brought or exhibited," it might be inferred that these words were intended to have a distributive application. So, also, the effects and consequences, which may be legitimately resorted to in the interpretation of a law, would seem to favor the conclusion that such was the meaning of the law-makers. The finding of a bill by a grand jury may be delayed, without any fault on the part of the officers of the Commonwealth or the private prosecutor, by inability to procure the attendance of witnesses. They may keep out of the reach of process by collusion with the defendant. The act has no saving for such a case, though it has carefully guarded against the defendant's keeping himself out of the way. But in a statute of this character, it would be wrong to ground a construction upon such considerations. Astuteness must not be employed to narrow or take away a defence granted by law to a party accused of crime. The provisos which follow, indicate clearly, on the other hand, that the term prosecution is used as synonymous with indictment. An indictment is a prosecution; though standing by itself, prosecution has a larger signification. The first proviso speaks of the person " against whom such *indictment* shall be brought or exhibited," as " subject and liable to *prosecution* as aforesaid." Prosecution as aforesaid, can refer only to indictment. So also the language of the second proviso is, "indictments may be commenced and prosecuted;" which words show that where the terms "indictments and prosecutions" are used in other parts of the section, they can only be construed as words of synonymous import.

The order of the Court of Quarter Sessions quashing the indictment in this case, was a judgment of a court of record according to the course of the common law, and could only be removed to this court by a writ of error : Commonwealth *v*. Beaumont, 4 Rawle 368 ; Commonwealth *v*. Church, 1 Barr 105. As no objection was made to the proceeding by certiorari, we will consider the case as though it was regularly here by writ of error.

Judgment affirmed.