## Commonwealth v. Boyer

*Charles K. Derr* and *Alan M. Hawman,* for Commonwealth.

*Darlington Hoopes,* for defendant.

SHANAMAN, J., July 31, 1941.—On May 28, 1941, the grand jury found a true bill against defendant on an indictment charging him with wilful neglect and nonsupport of a child born out of lawful wedlock since its birth on May 22, 1939. A transcript of proceedings of the justice of the peace, who returned the case to the quarter sessions, was filed on May 26, 1941. It shows that a warrant issued for defendant's arrest on March 18, 1941, upon information given by the prosecutrix, the mother of the child; that on the same day, March

18, 1941, defendant was arrested and gave bail for his appearance at court. Defendant on June 12, 1941, moved to quash the indictment, and his motion has been argued.

We are asked to quash the bill of indictment for the reason that it shows on its face that the true bill was not found within two years of the birth of the child. The Commonwealth contends that because the warrant issued, arrest was made and bail entered within two years, the statute of limitations has not barred the proceedings, although the indictment was not actually found until six days after the expiration of the statutory period. The relevant clause of the act is as follows:

"All prosecutions under this section must be brought within two (2) years of the birth of the child": Act of June 24, 1939, P. L. 872, sec. 732, 18 PS §4732.

If "prosecutions" as used in the statute means "indictments", this indictment must be quashed because too late.

In 22 C. J. S. §234, pp. 364, 365, the rules governing this question are stated as follows:

"The finding of an indictment or the filing of an information ordinarily . . . is a sufficient commencement of a prosecution to prevent the running of the statute of limitations. . . . Where the statute simply provides that the prosecution must be commenced within a specified period, a complaint and warrant of arrest issued thereon and executed without unusual delay, or the filing of a valid presentment, will constitute a commencement of the prosecution."

In Commonwealth v. Haas, 57 Pa. 443, cited by defendant, the Pennsylvania Supreme Court had before it for construction our general statute of limitations in criminal proceedings, the Act of March 31, 1860, P. L. 427, sec. 77, 19 PS §211. It provided that "all indictments and prosecutions" should be brought or exhibited within two years. The court held that the word "prosecution" refers to and is of synonymous import with the

word "indictment". This decision appears to be in accord with other American authority. See 22 C. J. S. 365, notes 55 and 56. The Act of 1860 is now supplanted by the Act of April 6, 1939, P. L. 17, sec. 1, 19 PS §211, which employs the same language. We observe that the act, under which this prosecution was brought, passed two months later than the Act of April 6, 1939, contains an express and special limitation of the time during which actions may be brought to enforce it. The legislature in prescribing merely that the "prosecution" must be brought within two years, evinced, in our opinion, an intent that the proceedings should be held to be brought in time, in cases arising under this particular act, if the complaint was laid, and the warrant issued within the two years, and execution thereof had without unusual delay. In this view we are supported by the statement of the law quoted above from Corpus Juris Secundum. In Commonwealth v. Haas, supra, p. 445, the court remarked, "An indictment is a prosecution; though standing by itself, prosecution has a larger signification." While it is true that the great bulk of all criminal prosecutions in Pennsylvania is governed by the General Limitations Act of 1939 (formerly 1860) and would therefore be invalid under the rule of Commonwealth v. Haas, above cited, whenever the indictment should fail to be found "true bill" within the statutory period, the legislature in the act presently under consideration chose to enact not only the necessary elements of the offense of wilful neglect of child, but also the time within which the act might be enforced. The lawmaker speaks merely of "prosecutions", which both as popularly and as legally understood may embrace the private prosecution by the aggrieved person, commenced by swearing to information and obtaining a warrant for the arrest of the defendant. Had the legislature intended to adopt the strictest meaning of the term "prosecution", it could have easily expressed such intention by using the words "indictments and

prosecutions", which had for 70 years borne the meaning (Commonwealth v. Haas) of "indictments".

In The Queen v. Brooks & Gibson, 169 Eng. Repr. 218 (1847), the prosecution was upon the Act of 9 Geo. IV, c. 69, sec. 4. In that case the statute read:

" 'The prosecution for every offence punishable by indictment by virtue of that Act, shall be commenced within twelve calendar months after the commission of the offence. "

The offense took place December 4, 1845; the information and warrant, December 18, 1845; arrests in September and October 1846; indictment April 5, 1847. A question was reserved for the full bench as to whether the prosecution was in time. The court unanimously sustained the proceedings. This case is cited by the court in the decision of the case of Virginia v. Paul, 148 U. S. 107, relied on by defendant. In that case the act of Congress authorized the removal of a "criminal prosecution" from a State to a Federal court, wherever a Federal revenue officer had been charged with a violation of a State criminal law. The Supreme Court of the United States held that the removal of the case was premature when it appeared that, at the time of the filing of the petition for removal, defendant had been arrested on a warrant of the justice of the peace, but had not yet been indicted. The court held that, within the meaning of section 643 of the Revised Statutes, no prosecution had been brought until an indictment had been found. To have held otherwise would, as the court pointed out, have produced the anomalous situation that the Federal grand jury would be asked to indict for an offense against the laws of a State. The court was careful to say:

"The question whether the government has taken such action, as will stop the running of a statute of limitations, is quite different from the question when a prosecution can be deemed to be commenced, within the meaning of the acts of Congress authorizing removals

from the state courts into the courts of the United States for trial": Virginia v. Paul, supra, p. 119.

We are all of opinion that the instant proceedings were in time and the indictment therefore good.

And now, to wit, July 31, 1941, defendant's rule to quash the indictment is discharged.