# Commonwealth *v.* Keuhne, Appellant.

*Criminal law—Embezzlement—Corporations—Act of June 12, 1878, P. L. 196.*

1. The Act of June 12, 1878, P. L. 196, providing for the punishment of embezzlement by any officer or employee "of any bank or other body corporate, or public company, municipal or quasi municipal corporation," applies not only to banks and public corporations, but also to private corporations organized under Act of April 29, 1874, P. L. 73, and its amendments.

*Criminal law—Statute of limitations—Embezzlement—Acts of March 31, 1860, sec. 107, P. L. 382 and June 12, 1878, P. L. 196.*

2. Where an indictment charges embezzlement in the exact language of sec. 107 of the Act of March 31, 1860, P. L. 382, the offense charged is a felony, and the period of limitations against its prosecution is fixed by sec. 77 of the Act of March 31, 1860, P. L. 427, as two years next after the felony was committed. The limitation of four years as provided by the Act of June 12, 1878, P. L. 196 does not apply to such an indictment.

3. The fact that an indictment charges the crime substantially in the language of one statute is sufficient to warrant the trial and sustain a conviction for the offense created by that statute, but it will not warrant a trial for and conviction of an entirely different offense created by some other statute.

Argued Oct. 22, 1909. Appeal, No. 133, Oct. T., 1909, by defendant, from judgment of Q. S. Phila. Co., Nov. T., 1908,

No. 12, on verdict of guilty in case of Commonwealth v. Albert E. Keuhne.  Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.   Reversed.

Indictment for embezzlement.

At the trial the jury returned a verdict of guilty, upon which judgment of sentence was passed.

On motion to arrest judgment MARTIN, P. J., filed the following opinion:

The defendant was indicted on November 2, 1908, for fraudulent embezzlement of money belonging to the "German Daily Gazette Publishing Company," a body corporate, by whom he was employed.

It was proved that he appropriated the money during the year 1905.  The verdict was "Guilty."

A motion in arrest of judgment was made upon the ground that the prosecution was barred by the statute of limitations.

Defendant was indicted under the Act of June 12, 1878, P. L. 196, which enacts that, "If, any person being an officer, director, superintendent, manager, receiver, employee, agent, attorney, broker, or member of any bank or other body corporate, or public company, municipal or quasi municipal corporation, shall fraudulently take, convert or apply to his own use, or the use of any other person, any of the money or other property of such bank, body corporate or company, municipal or quasi municipal corporation . . . . he shall be guilty of a misdemeanor."

Section 6 provides that indictments may be commenced and prosecuted at any time within four years from the time the alleged offense shall have been committed.

It was claimed on behalf of defendant that this act is not sufficiently comprehensive to include an employee of a corporation other than one of a public, municipal or quasi municipal character, except a bank; that the words "or other body corporate" should be restricted under the doctrine of noscitur a sociis, or ejusdem generis, and that "public company," "municipal or quasi municipal corporations" appear-

ing in the act indicates the genus to which the legislature in-
tended the act to apply.

It was said by COLERIDGE, J., in Pocock v. Pickering, 21
L. J. Q. B. 365, 368, referring to the duty of the court in con-
struing an act: "Our first business, I conceive, is to examine
the words themselves which are used; and if in these there
be no ambiguity it is seldom desirable to go further."

"It is better always to adhere to a plain common sense
interpretation of the words of a statute than to apply to them
refined and technical rules of grammatical construction:"
Gyger's Est., 65 Pa. 311, 312, SHARSWOOD, J.

It has been held that the rule of construction which is
called the ejusdem generis doctrine, or sometimes the doc-
trine of noscitur a sociis, is one which ought to be applied
with great caution; because it implies a departure from the
natural meaning of words in order to give them a meaning
which may or may not be the intention of the legislature:
Smelting Company v. Inland Revenue Commissioners, 66
L. J. Q. B. 137, 140.

In Salomon v. Salomon, 66 L. J. Ch. 35, 44, the court said:
" 'Intention of the legislature' is a common but very slip-
pery phrase, which, popularly understood, may signify any-
thing from intention embodied in positive enactment to spec-
ulative opinion as to what the legislature probably would
have meant, although there has been an omission to enact
it. In a court of law or equity, what the legislature intended
to be done or not to be done can only be legitimately ascer-
tained from that which it has chosen to enact, either in ex-
press words or by reasonable and necessary implication."

It was further claimed that if the act of 1878 did not in-
clude the offense the indictment must rest upon sec. 107 of
the Act of March 31, 1860, P. L. 382, which enacts that
"if any clerk, servant, or other person in the employ of any
other, shall by virtue of such employment receive and take
into his possession any chattel, money, or valuable security,
which is or may be the subject of larceny, for or in the name
or on account of his master, or employer, and shall fraudu-
lently embezzle the same or any part thereof, every such

offended shall be deemed to have feloniously stolen the same from his master or employer;" and that the period of limitation provided by sec. 77 of the procedure Act of March 31, 1860, P. L. 427, applicable to the case is two years next after the misdemeanor was committed.

It is provided, however, in this latter act that indictments for misdemeanors committed by any officer of a bank, or other corporation, may be commenced and prosecuted at any time within six years from the time the alleged offense shall have been committed.

"When an act is expressed in clear and precise terms, when the sense is manifest and leads to nothing absurd, there can be no reason to refuse the sense which it naturally presents. To go elsewhere in search of conjecture in order to restrain or extinguish it, is to endeavor to elude it:" Jackson v. Lewis, 17 John. 475, 477.

Neither is it true as it has been sometimes put, that the court, in the exposition of penal statutes are to narrow the construction. "We are to look to the words in the first instance," said Buller, J., in R. v. Hodnett, 1 T. R. 96, "and where they are plain, we are to decide on them. If they be doubtful, we have then to have recourse to the subject-matter."

In construing penal statutes, we must not, by refining, defeat the obvious intention of the legislature: Potter's Dwarris on Statutes, 247.

While every provision affecting a criminal offense involving liberty is subject to the strictest interpretation, this principle is not to be so applied as to narrow the words of a statute to the exclusion of cases which those words in their ordinary acceptance, or in that sense in which the legislature has obviously used them, would comprehend: Potter's Dwarris on Statutes, 964.

In U. S. v. Goldenberg, 168 U. S. 95, 102, it was said: "The primary and general rule of statutory construction is that the intent of the lawmaker is to be found in the language that he has used. He is presumed to know the meaning of words and the rules of grammar. The courts have no function of

legislation, and simply seek to ascertain the will of the legislator.

"It is an elementary rule of construction that effect must be given, if possible, to every word, clause and sentence of a statute.

"In order properly to interpret any statute it is as necessary now as it was when Lord COKE reported Heydon's case to consider how the law stood when the statute to be construed was passed, what the mischief was for which the old law did not provide, and the remedy provided by the statute to cure that mischief:" In re Mayfair Property Co., 67 L. J. Ch. 337, 340.

Section 1 of the Act of June 12, 1878, P. L. 196, supra, is a transcript of sec. 110 of the Act of March 31, 1860, P. L. 382, which was in turn sec. 4 of the Act of April 15, 1858, P. L. 270. This clause of the act of 1858 reads: "If any person being an officer, director or member of any body corporate or public company, shall fraudulently take, convert, or apply to his own use, or the use of any other person, any of the money or other property of such body corporate or public company he shall be guilty of a misdemeânor."

Section 116 of the act of 1860 extends the act to "any bank."

In 1876, it was decided that the provisions of the act of 1860 did not include a school district, as it is only a quasi corporation: Com. v. Beamish, 81 Pa. 389.

In the act of 1878, there was added the words "superintendent, manager, receiver, employee, agent, attorney, broker," —"member of any bank or other body corporate or public company," and "municipal or quasi municipal corporation."

While "any body corporate" used in the act of 1858, may be comprehensive enough to include a public company, to hold that the words "any body corporate or public company" describe only a "public company" is to strike from the statute the words "any body corporate" as surplusage and decide that the legislature did not intend to employ terms as broad as it used.

The subsequent legislation extended the provisions of the

act to other subjects, and there is no indication of an intention to limit or restrict the scope of the original enactment.

Defendant was an employee of a body corporate within the purview of the act of June 13, 1878; and the indictment was commenced and prosecuted within the statutory period.

The motion in arrest of judgment is overruled.

*Errors assigned* were in refusing binding instructions for defendant; in refusing arrest of judgment; in finding that the defendant was an employee of a body corporate within the meaning of the act of June 13, 1878; and that the indictment was commenced and prosecuted within the statutory period.

*Henry M. Stevenson,* with him *B. I. De Young* and *Maxwell Stevenson,* for appellant.—The defendant could not be properly convicted and sentenced upon the indictment, under the provisions of the act of June 12, 1878: Com. v. Fox, 10 Phila. 204; Com. v. Witman, 217 Pa. 411; Com. v. DeCamp, 177 Pa. 112; Com. v. Baldwin, 5 Pa. C. C. Rep. 509; Keystone Surgical Supply Mfg. Co. v. Bate, 187 Pa. 460; Milford Boro. v. Milford Water Co., 124 Pa. 610; Butler's App., 73 Pa. 448; Allen's App., 81* Pa. 302; Pardee's App., 100 Pa. 408; Renick v. Boyd, 99 Pa. 555; Monongahela Bridge Co. v. Ry. Co., 114 Pa. 478; Kime v. Crider, 6 Pa. Dist. Rep. 688; Com. v. Wetherill, 8 Pa. Dist. Rep. 653; Beechwood Imp. Co.'s App., 12 Pa. Dist. Rep. 430; Com. v. Mansfield, 12 Pa. Dist. Rep. 103; Com. v. Hill, 2 Pearson, 432.

As the act of June 12, 1878, both increases the penalty in making the maximum imprisonment six years as against the three years under sec. 107 of the act of March 31, 1860, and extends the time for beginning prosecution from two to four years, it must be construed strictly.

*Morris Wolf,* asst. district attorney, with him *Samuel P. Rotan,* district attorney, for appellee.

OPINION BY PORTER, J., March 3, 1910:

The defendant was convicted upon an indictment containing three counts, charging distinct acts of embezzlement, all charging the offense in the same language, except as to

the amount and date of the several items alleged to have been misappropriated. The offense in each count charged was, that the defendant, "being then and there a person in the employ of a certain corporation named and called the German Daily Gazette Publishing Company, as clerk and servant, did by virtue of his said employment, and while so employed as aforesaid, then and there receive and take into his custody, care and possession, for and in the name and on account of the said corporation . . . ., his employer as aforesaid, certain money, to wit: sixty-five dollars lawful money of the United States, . . . . of the goods and chattels, moneys and property of the said corporation named, etc., . . . ., then and there being found, and then and there did fraudulently embezzle and then and there feloniously did steal; take and carry away, contrary to the form of the act of the General Assembly in such case made and provided and against the peace and dignity of the Commonwealth of Pennsylvania." The indictment was found on November 2, 1908, and in the first count charged the first act of embezzlement to have been committed on May 22, 1905, and the second act to have been "within the space of six calendar months from the time of committing the said felony and embezzlement hereinbefore in the first count of this indictment set forth, charged and stated, to wit: on the third day of July, in the year 1905"; and the third count, using the language above quoted from the second count, charged the date of the act on August 14, 1905. The evidence introduced at the trial in support of the indictment all tended to establish the unlawful appropriation of money, during the year 1905, at about the dates in the indictment charged, and all more than three years prior to the finding of the indictment. The jury having rendered a verdict of guilty as indicted the court sentenced the defendant, and from that judgment we have this appeal.

The only specifications of error which merit consideration are those relating to the period of limitation applicable to prosecutions for the offense of which the defendant stands convicted. The indictment charged and the evidence established that the offenses of the defendant, if any, had been committed

more than three years before the bill was found, and there was
no evidence of the absence of the defendant from the state
which could operate to prevent the running of the statute of
limitations. The first specification of error is based upon the
motion of the defendant to quash the indictment, the defend-
ant stating his motion to be based upon the ground, "that the
Act of June 12th, 1878, P. L. 196, providing for the punishment
of embezzlement by an employee . . . . or servant of a bank
or other body corporate, municipal or quasi-municipal cor-
poration, did not apply to the charge laid in the bill of indict-
ment," which motion the court overruled. The contention of
the defendant in the court below, seems to have been that the
second section of the act of June 12, 1878, providing for the
punishment of officers, employees, etc., "of any bank or
other body corporate, or public company, municipal or quasi-
municipal corporation, who shall fraudulently take, convert
or apply to his own use, or the use of any other person, any of
the money or other property of such bank," etc., must be con-
strued to apply only to public corporations, in the nature of
municipalities. This contention has been persisted in in the
argument before this court, and we have it stated as one
of the questions involved; "Whether section 1 of the Act of
June 12th, 1878, P. L. 196, includes within the meaning of the
words 'bank or other body corporate, or public company,
municipal or quasi-municipal corporation' a private corpora-
tion of the second class, organized under the Act of April 29th,
1874, P. L. 73, and its amendments." The question being pre-
sented in this manner the court below was led to consider it as
only involving the construction to be given to the words "body
corporate," in the first section of the act of 1878. The opinion
of Judge Martin, which will appear in the report of this case,
reviews the legislation relating to offenses of this character by
the officers and employees of banks and other corporations,
which culminated in the act of 1878, and vindicates his con-
clusion, that the words "body corporate" used in the first sec-
tion of that statute must be held to include all corporations.
The act of 1878 was a supplement to the Act of March 31, 1860,
P. L. 382, and in its first section amended sec. 116 of the

earlier statute. The Act of April 15, 1858, P. L. 270, sec. 4, had made that a criminal offense which had not previously been such, by enacting: "If any person being an officer, director or member of any body corporate or public company, shall fraudulently take, convert, or apply to his own use, or the use of any other person, any of the money or other property of such body corporate or public company he shall be guilty of a misdemeanor." This provision was retained by the revisers of the penal code and embodied in sec. 116 of the act of 1860, but the provision was extended so as to include "an officer, director or member of any bank, or other body corporate or public company." The purpose of this change was manifestly not to narrow the meaning of the words "body corporate," as used in the act of 1858. The legislative intention was not to exclude from this section corporations which had come within the provisions of the act of 1858, but to extend those provisions so as to make the officers of banks subject to the penalty imposed. It was held in Com. v. Beamish, 81 Pa. 389, that a school district was not a "body corporate" within the meaning of sec. 118 of the act of 1860, which provided that certain acts of officers of any "body corporate" should constitute a misdemeanor; such school districts being only quasi corporations. While the construction of secs. 116, 117 and 119 of the act of 1860 was not, strictly speaking, before the court in that case, it was in the opinion said that those sections clearly did not apply to municipal corporations. And it may here be observed that while sec. 116 of act of 1860 provides for the punishment of offenses by officers of "any bank, or other body corporate or public company," the subject of embezzlement by "state, county, township or municipal officers" is specifically dealt with in sec. 65 of the act of 1860, within the operation of which the acts of officers of school districts had been held to come: Com. v. Morrisey, 86 Pa. 416. The able argument submitted on behalf of the appellant has failed to convince the majority of the judges who were present at the argument of this appeal that the learned judge of the court below erred as to the construction to be given the act of 1878.

VOL. XLII—24

The period of limitation provided by the act of 1878 within which indictments "for misdemeanors committed by any officer, director, agent, employee, etc., of any bank, body corporate or public company, municipal or quasi-municipal corporation," must be found is four years. The misdemeanors referred to have all been created by statute, and the indictments in such cases are to be adjudged sufficient when they charge the crime substantially in the language of the act of assembly prohibiting the crime, and prescribing the punishment. This relieves the prosecuting officer, to some extent, from the necessity for technical accuracy in pleading, but an indictment must still inform the defendant of the offense with which he stands charged. The fact that an indictment charges the crime substantially in the language of one statute is sufficient to warrant the trial and sustain a conviction for the offense created by that statute, but it will not warrant a trial for and conviction of an entirely different offense created by some other statute. The indictment in this case, in so far as the description of the character in which he acted is concerned, is drawn in the exact language of sec. 107 of the act of March 31, 1860; it avers that he was a person in the employ of another, "as clerk and servant," and that by virtue of his employment and while so employed, he received in the name and on account of his employer, certain money. We must, however, consider not only the character in which the defendant is charged to have acted, but also the offense with which he is charged, in determining upon what statute the prosecution was founded. This indictment charges that the defendant, having received the money, "did fraudulently embezzle and then and there feloniously did steal, take and carry away," the same. The offense here charged is a felony, not a misdemeanor, and the second and third counts of the indictment accurately state the offense charged in the first count to be a felony. What statute authorizes the prosecution and punishment of a defendant, upon the facts in this indictment stated, for a felony? The 107th section of the act of 1860 enacts that, if any clerk, servant or other person in the employ of another, shall by virtue of such employment, receive and take into his

possession any chattel, money or valuable security, which is or may be made the subject of larceny, for or in the name of his employer, "and shall fraudulently embezzle the same, or any part thereof, every such offender shall be deemed to have feloniously stolen the same from his master or employer." This is the very language used in this indictment in describing the wrongful act of which the defendant was charged to be guilty. The offense created by this statute was not a misdemeanor. The wrongful act is the fraudulent embezzlement, the intentional misappropriation of his employer's money. This section of the statute declared that he who had thus received and misappropriated money should be deemed, in law, to have feloniously stolen the same, "and shall be punished as is provided in cases of larceny of like property." It is very clear that the offense for which this defendant was indicted was that created by sec. 107 of the act of March 31, 1860, which is a felony. That the statute of limitations for the prosecution of misdemeanors, by officers and employees of corporations, provided by the act of 1878, had no application to this case logically follows. The offense for which the defendant was indicted was not a misdemeanor. The period of limitation for the prosecution for this felony was that fixed by sec. 77 of the Act of March 31, 1860, P. L. 427, two years next after such felony was committed. This question was properly raised by the request of the defendant for binding instructions, the refusal of which is the foundation of the thirteenth specification of error. This specification of error must, therefore, be sustained.

The judgment is reversed and the defendant is discharged without day.