## Commonwealth v. Scheiring, Appellant.

*Criminal law—Statute of limitations—Larceny by clerk—Acts of March 31, 1860, Section 107, P. L. 382, and June 12, 1878, P. L. 196.*

The offense defined by Section 107 of the Act of March 31, 1860, P. L. 382, that is, larceny by a clerk, servant or employee of property of his employer which he had received by virtue of his employment in the name of his employer, is felony and the period of limitation against its prosecution is fixed by Section 77 of the Act of March 31, 1860, P. L. 427, as two years next after the felony was committed. The limitation of four years as provided by Section 6 of the Act of June 12, 1878, P. L. 196, relating to offenses by employees of public or private corporations, does not apply to such an offense.

Argued May 11, 1915. Appeal, No. 194, April T., 1915, by defendant, from judgment of Q. S. Butler Co., March T., 1914, No. 18, on verdict of guilty in case of Commonwealth v. John J. Scheiring. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Reversed.

Indictment for larceny. Before REIBER, J.

From the record it appeared that the indictment contained four counts. On the first three counts a verdict of not guilty was found by direction of the court. These counts charged larceny of specific sums but the charges were not sustained by the evidence. The fourth count of the indictment was as follows:

And the inquest aforesaid, upon their respective oaths and affirmations, aforesaid do further present; that the said John J. Scheiring, afterwards, to-wit, on the same day and year aforesaid, to-wit, on the second day of March in the year of our Lord one thousand nine hundred and fourteen, in the county aforesaid and within the jurisdiction of this court, with force and arms, &c., being then and there a municipal officer or employee, to-

262  COMMONWEALTH *v.* SCHEIRING, Appellant.

Statement of Facts—Assignment. of Error.· [61 Pa. Superior Ct.

wit, a clerk or receiving clerk in the employ of a municipal corporation, to-wit, the Township of Butler, in a certain department thereof, known as the tax collector of said township did as such municipal officer, clerk, servant or employee and by virtue of such employment, receive, have and take into his possession for and behalf and in the conduct of his duties as said municipal officer aforesaid from various persons whose names are to the grand inquest unknown and in various amounts the sum of five thousand ($5,000,00) dollars, lawful money of the United States of America, for and in the name and on the account of the said tax collector as aforesaid and did then and there fraudulently and feloniously embezzle and convert to his own use the said sum of money of the value of five thousand ($5,000.00) dollars, receive as aforesaid, and so the inquest aforesaid, upon their oaths and affirmations aforesaid do say that the said John J. Scheiring, then and there in the manner and form aforesaid, the sum of money, to-wit, five thousand ($5,000.00) dollars of the money, goods, chattels and property of the said tax collector of said Butler Township, from the said tax collector of Butler Township, his employer as aforesaid, feloniously did steal, take and carry away contrary to the form of the act of the general assembly in such case made and provided and against the peace and dignity of the Commonwealth of Pennsylvania.

The facts appear by the opinion of the Superior Court

Verdict of guilty upon which judgment of sentence was passed.

*Error assigned* was refusal of binding instructions for defendant.

*B. R. Williams,* with him *C. L. McQuistion* and *W. H. Martin,* for appellant.

*W. B. Purvis,* with him *J. M. Galbreath,* for appellee.

OPINION BY PORTER, J., July 21, 1915:

The learned judge of the court below, in his opinion refusing the motion for a new trial, very properly reached the conclusion that the count of the indictment upon which the defendant was convicted was founded upon and charged the defendant with the offense defined by sec. 107 of the Act of March 31, 1860, P. L. 382, that is, larceny by a clerk, servant or employee of property of his employer which he had received by virtue of his employment, in the name of his employer.   The learned district attorney frankly concedes, in his paper-book, that the indictment is framed under sec. 107 of the Act of March 31, 1860.   The indictment is drawn substantially in the language of the said Sec. 107 of the statute, and is, therefore, to be held sufficient in law, under the provisions of the act relating to criminal procedure approved March 31, 1860, P. L. 427.   If it were attempted to sustain this indictment under any other section of the penal code, we would be met by the difficulty that the count upon which the defendant was convicted is bad for duplicity.

The indictment was found on March 3, 1914.   The information under which the prosecution was commenced averred that the offense complained of happened on or about September 26, 1911.   We have carefully examined the evidence and are convinced that the offense, if any, was committeed not later than November, 1911. There is not a scintilla of evidence which would have warranted a finding that the defendant had been a clerk or employee of the tax collector of Butler Township after September, 1911, or that he had collected any taxes after that time.   The evidence upon which the defendant was convicted consisted of admissions made by him not later than November, 1911, and those admissions were to the effect that he had prior to that time misappropriated money.   The indictment was not found until more than two years had elapsed after the commission of the offense.

Section 6 of the Act of June 12, 1878, P. L. 196, enacts: "That indictments for misdemeanors committed by any officer, director, receiver, superintendent, manager, broker, attorney, agent, employee or member of any bank, body corporate or public company, municipal or quasi-municipal corporation, may be commenced and prosecuted at any time within four years from the time the alleged offense shall have been committed." The Commonwealth did not, however, elect to prosecute this defendant for any of the misdemeanors coming within the provisions of this section of the Act of 1878, but it did prosecute him for the felony defined by Sec. 107 of the Act of 1860, P. L. 382. The offense with which the indictment charged the defendant is a felony, and the period of limitation against its prosecution is fixed by Sec. 77 of the Act of March 31, 1860, P. L. 427, as two years next after the felony was committed. The limitation of four years as provided by Sec. 6 of the Act of June 12, 1878, P. L. 196, does not apply to such an indictment. We cannot distinguish this case from Com. v. Keuhne, 42 Pa. Superior Ct. 361, which rules the question here presented. The third point submitted by the defendant at the trial, praying for binding instructions, specifically raised the question of the effect of the statute of limitations and, under the pleadings and evidence, ought to have been affirmed. The third specification of error is sustained.

The judgment is reversed and the defendant is discharged without day.