## Com. of Pa. *v.* DeMaria, Appellant.

Submitted July 12, 1933.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BAL-
DRIGE, STADTFELD, PARKER and JAMES, JJ.

*Llewellyn E. Lloyd,* for appellant, cited: Common-
wealth v. Werner, 5 Pa. Superior Ct. 249; Gise v. Com-
monwealth, 81 Pa. 428; Commonwealth v. Duffy, 96
Pa. 506.

*Albert W. Stenger,* Assistant District Attorney, and
with him *W. Lloyd Hibbs,* District Attorney, for ap-
pellee.

OPINION BY KELLER, J., October 2, 1933:

The indictment in this case was found on September
10, 1932, at the September session of the court. It
charged that the defendant on August 13, 1930 had
embezzled certain moneys which the prosecutor had
deposited with him as his agent. Complaint was made
by the prosecutor before a justice of the peace on
April 4, 1932, and after hearing, on April 8, 1932, the
case was returned to court and the defendant gave
bail to appear at the next or June session of the court.

The defendant moved to quash the indictment be-
cause it showed on its face that it was found more
than two years after the commission of the offense
charged, and failed to allege that the defendant had

not been an inhabitant or usual resident of this State at any time before he was indicted: Com. v. Werner, 5 Pa. Superior Ct. 249; Act of March 31, 1860, P. L. 427, Sec. 77.

The residence of the defendant within Cambria County, Pennsylvania, at all times between the commission of the alleged offense and the finding of the indictment was admitted by the Commonwealth's officers.

The court below refused to quash the indictment for the reason that by its order the regular June session of court at which the indictment would ordinarily have been laid before the grand jury, had been dispensed with and the grand jury not convened, because of the financial condition of Cambria County and the fear of a shortage of its funds.

We have no doubt that in making said order the court below acted according to its best judgment, notwithstanding the lack of any evidence before us to show that Cambria County was unable to secure the funds—by borrowing, if necessary—to carry on its courts. But irrespective of that, a rule or order of court, general or special, cannot set aside the provisions of an act of the General Assembly. That can only be done by some superior authority, and the court of quarter sessions does not fall within that category: Gise v. Com., 81 Pa. 428, 430. Congress, in the prosecution of a war, (See Siplyak v. Davis, Director General, 276 Pa. 49, 119 Atl. 745) or for other urgent cause within its paramount jurisdiction, might suspend the provisions of our statutes relating to the prosecution of criminal cases, as well as civil actions; or the General Assembly itself might provide for such suspension in a temporary emergency: Com. v. Duffy, 96 Pa. 506; but the court of quarter sessions has not such power, at least not for the reason here assigned. The consequences which, under the law, followed a failure to indict the defendant within two years after

the commission of his alleged offense, cannot be nullified because the delay may have been due to an order of court. The effects of such an order should be taken into consideration before the court takes such action, and the respective consequences be duly weighed. See Com. v. Haas, 57 Pa. 443, 445.

The assignments of error are sustained. The judgment is reversed. The indictment is ordered to be quashed and the defendant discharged.