Commonwealth of Pa., Appellant, *v.* Foster.

452

Argued October 16, 1933.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Franklin E. Barr,* Assistant District Attorney, and with him *Charles F. Kelley,* District Attorney, for appellant.

*G. Von Phul Jones,* for appellee.

OPINION BY JAMES, J., February 1, 1934:

A very elaborate history has been submitted by the appellant and the appellee which it will be unnecessary to discuss as the facts pertinent to the questions involved are as follows: A true bill was returned by the grand jury of Philadelphia County on September 20, 1932 charging in two of the counts that Alexander D. Robinson, as vice-president and treasurer of the Northwestern Trust Company, embezzled, abstracted and misapplied certain monies of the trust company and in two separate counts charged Russell H. Foster, appellee, with aiding and abetting, on September 22 and September 28, 1928, Alexander D. Robinson, vice-president and treasurer of the Northwestern Trust Company, in the embezzlement, abstraction and misapplication of funds of that corporation. Defendant, Russell H. Foster, presented a motion to quash for the reason that the offense was barred by the statute of limitations and the motion was sustained, from which order this appeal was taken by the Commonwealth.

This indictment was founded on the Act of April 23, 1909, P. L. 169, (18 PS 2516) which provides: "That any president, vice-president, ...... of any mutual savings bank, savings bank, bank of discount and deposit, trust company, ...... who shall embezzle abstract or wilfully misapply any of the moneys......of said institutions, ...... and any person who, with like intent, aids or abets any president, vice-president,

...... of such institution, in any violation of this act,—shall be deemed guilty of a misdemeanor......"

Section 77 of the Act of March 31, 1860, P. L. 427 (19 PS 211) provides: "All indictments which shall hereafter be brought or exhibited for any crime or misdemeanor ...... shall be brought or exhibited within the time and limitation hereafter expressed, and not after; ...... and all indictments and prosecutions for other felonies not named or excepted heretofore in this section, and for all misdemeanors, perjury excepted, shall be brought or exhibited within two years next after such felony or misdemeanor shall have been committed: ...... And provided also, that indictments for misdemeanors committed by any officer of a bank, or other corporation, may be commenced and prosecuted at any time within six years from the time the alleged offense shall have been committed."

The Act of June 12, 1878, P. L. 196 (18 PS 2511) which was an act supplementary to the Act of March 31, 1860, P. L. 382, amended sections 116, 117, 118, and 119 of the Penal Code, which amendments enlarged the scope of designations of officers and employees of banks and other corporations and in Section 6 of the amending act provides: "That indictments for misdemeanors committed by any officer, director, receiver, superintendent, manager, broker, attorney, agent, employe or member of any bank, body corporate or public company, municipal or quasi municipal corporation, may be commenced and prosecuted at any time within four years from the time the alleged offense shall have been committed," which section was sustained as being constitutional in Com. v. Bell, 288 Pa. 29, 135 A. 645. In that case it was further held that said section impliedly repealed Section 77 of the Act of March 31, 1860, P. L. 427 so far as concerns the limitation of prosecutions for the

crimes specified in that section of the Act of 1878, so that prosecutions for offenses committed under the sections mentioned in the Act of 1878 were reduced from the former limitation of six years to four years.

It is admitted that Foster was not an officer of the trust company and did not stand in any of the classes mentioned in the Act of 1909 or the Act of 1878. Commonwealth contends that the section of the Act of 1909 applying to aiders and abettors is an addition to the law as it then stood; that without the Act of 1909 the defendant's offense would rise no higher than a conspiracy but that the officer and aider and abettor are equally guilty of the same offense under the Act of 1909 and therefore are subject to the same penalties and limitations.

The Act of 1909 was construed in Com. v. Cook, 98 Pa. Superior Ct. 117, where the court said (p. 121): "The Act of 1909 specified three offenses,—embezzlement, abstraction and willful misapplication. ...... In the absence of this statute, embezzlement ...... might not include the misconduct of a trust company president (or other officers or employees named in the act) who, though not entrusted with the money or property of the bank, may, nevertheless, by means of his office or employment, be guilty of such misconduct with regard to it as to produce the same result as the embezzlement by one lawfully obtaining the property of another. The obvious legislative purpose was to punish such misconduct as a kind of statutory embezzlement, of which other examples appear in our criminal law, among them section 65, 1860, P. L. 400."

The Act of March 31, 1860, P. L. 382, Section 180, as amended by the Act of June 3, 1893, P. L. 286 (18 PS 3671), provides: "...... and every person who shall counsel, aid or abet the commission of any misdemeanor punishable under any act of assembly of this Commonwealth for whom no punishment is pro-

vided, shall be liable to be proceeded against and punished as a principal offender.'' This act covers only misdemeanors for which no punishment is provided for those who counsel, aid or abet in its commission, but the Act of 1909 does provide a penalty for the offense set forth in the indictment. Nothing whatever is said as to the time within which the prosecution shall be brought.

The designations in the Act of 1878 of practically every relationship that could be had with a banking institution, in which the period fixed by the statute of limitations was four years, was an indication of a legislative intent that those outside of the specific designations were to be governed by the two year limitation. If it was the legislative intent that prosecutions under the Act of 1909 should be subject to the limitation of the Act of 1878, it could very easily have been so expressed. Their failure to do so indicates that the two year limitation should be in effect.

An act of limitation is an act of grace and although we should not be over-anxious to extend to offenders the benefit of an act of limitation, yet, in order for the Commonwealth to include certain offenders within a limitation covering a specific class both as to individuals and offenses, it must point to some legislative authority clearly showing its intent to enlarge and broaden the scope of the original act. The offense of the aider or abettor, as designated by the Act of 1909, being a misdemeanor, is governed by the limitation of Section 77 of the Act of 1860 covering all misdemeanors, perjury excepted, in which prosecutions must be brought or exhibited within two years from the time the alleged offense has been committed. By no language of the Act of 1909 is the limitation of the Act of 1860 extended, nor is it specified that the limitation of four years under the Act of 1878 shall be applied to aiders or abettors.

The following language used by Mr. Justice STEWART

in Com. v. Exler, 243 Pa. 155, 163, 89 A. 968, is applicable: "Not only are there no express terms in the amending act subjecting the offender to the punishment prescribed in the Act of 1860, but there is no reference in the former act to the section in the latter which is here sought to be applied. Judged solely by the words employed, the amending act is complete in itself; it defines a new offense; provides for its punishment, and with that it stops.

" 'The doctrine is that, when an offense is created by statute, and the same statute prescribes the penalty or the mode of procedure or anything else of the sort, only that which the statute provides can be followed': Bishop's Criminal Law, sec. 278.

"Not only consonant with the rule just stated, but seemingly a corollary to it, we have another rule thus stated in Endlich on Interpretation of Statutes, sec. 325.

" 'Again, as illustrative of the rule of strict construction, it has been said that while remedial laws may extend to new things not in esse at the time of making the statute, penal laws will not.' "

Applying the rule thus laid down we can not extend by implication to offenses committed by aiders and abettors not an officer or employee under the Act of 1909 the limitations fixed by the Act of 1878.

In Com. v. Keuhne, 42 Pa. Superior Ct. 361, it was expressly held that the Act of 1878 did not apply to an indictment which charged an officer of a corporation with embezzlement under Section 107.

Also in Com. v. Scheiring, 61 Pa. Superior Ct. 261, it was held that the period of limitation against prosecution on an indictment for larceny by a clerk of a municipal corporation is governed by Section 77 of the Act of March 31, 1860, P. L. 427, as two years next after the offense was committed, and not the limitation of four years as provided by Section 6 of the Act of June 12, 1878, P. L. 196.

In both of these cases it was distinctly held that the limitation of four years as provided by the Act of 1878 applied only to the offenses set forth in the Act of 1878.

Commonwealth further relies upon the case of Com. v. Duffy, 96 Pa. 506, a prosecution for forgery, which we do not believe to be controlling, as the Act of March 31, 1877 which extended the period of limitation from two to four years was passed before the prosecution had been barred by the two year limitation. The court here said (p. 514): "The Act of 1877 in the present case was legally operative to enlarge the period of limitation as to the defendant, he having acquired no right of acquittal by virtue of the previous limitation at the time of the passage of the act."

The indictment in the present instance being for an offense and against a class not mentioned in the Act of 1878, it was properly quashed.

Judgment affirmed.