## Commonwealth v. Johnson (No. 2)

*John S. Halstead,* for Commonwealth.
*John J. Duffy,* for defendant.

KURTZ, J., July 1, 1965.—On April 6, 1956, defendant above named signed a statement on the face of each of two so-called bills in indictment, May Sessions, 1956, nos. 119, charging robbery, and 119A of that session, charging larceny, which read as follows:

"The defendant being arraigned waives the finding of a true bill and enters a plea of guilty."

Having signed such statements, he then appeared before our court without counsel, at which time sentences were imposed.

Thereafter, on December 17, 1963, while serving the sentence imposed upon the bill charging robbery, he presented his petition to our court of common pleas seeking a writ of habeas corpus. Without detailing the various proceedings which were then undertaken, it will suffice to point out that the final disposition of that matter is embodied within an opinion and order of the Supreme Court (Commonwealth ex rel. Johnson v. Maroney, 416 Pa. 451 (1965), in which it was held: (1) That he was entitled to counsel at the time of the entry of the pleas and had none; and (2) that in the circumstances surrounding their entry, a waiver of counsel could not be found. The Supreme Court, therefore, ordered the record remanded so that the writ might be issued and directed further that a new trial be granted on each of the bills of indictment involved.

In obedience to that order, defendant's case was called for trial at the next stated session of our court of oyer and terminer. At that time, the Commonwealth

moved for arraignment, whereupon court-appointed counsel for defendant objected to the arraignment, taking the position that Johnson had never been indicted by a grand jury and, until an indictment had been found, no arraignment could be required. After argument upon that question, we sustained that objection by our opinion filed March 31, 1965. See Commonwealth v. Johnson, 35 D. & C. 2d 458 (1965). The Commonwealth has appealed that decision to the Superior Court where, as we understand it, no further action has as yet been taken.

The Commonwealth then submitted new bills of indictment to a regularly constituted grand jury which was convened on May 24, 1965. These bills charged the same crimes as did those originally prepared. They contained no explanation as to why the period of the statute had been permitted to run before they were submitted. That jury approved them on the date indicated. Defendant now moves to quash the bills thus approved, claiming that the statute of limitations had run prior to their approval.

The pertinent statute, the Act of March 31, 1860, P. L. 427, sec. 77, as amended by the Act of April 6, 1939, P. L. 17, sec. 1, 19 PS §211, provides:

"All indictments which shall hereafter be brought or exhibited for any crime or misdemeanor, murder and voluntary manslaughter excepted, shall be brought or exhibited within the time and limitation hereafter expressed, and not after; that is to say, all indictments and prosecutions for . . . robbery . . . shall be brought or exhibited within five years next after the offense shall have been committed; and all indictments and prosecutions for other felonies not named or excepted heretofore in this section . . . shall be brought or exhibited within two years next after such felony . . . shall have been committed: Provided however, That if the person against whom such indictment

shall be brought or exhibited, shall not have been an inhabitant of this State, or usual resident therein, during the said respective terms for which he shall be subject and liable to prosecution as aforesaid, then such indictment shall or may be brought or exhibited against such person at any period within a similar space of time during which he shall be an inhabitant of, or usually resident within this State . . ."

The question presented is a novel one. So far as we have been able to determine, it has not been raised before. It would seem obvious that it is an outgrowth of Gideon v. Wainwright, 372 U. S. 335, in which the Supreme Court of the United States held that an indigent defendant in a criminal prosecution in a State court has the constitutional right to have counsel appointed for him.

The requirements which the statute of limitations contains are not the product of any constitutional prescription. They amount only to a statement of the public policy of the State as the legislature perceived that policy to exist at the time the statute was enacted. That policy may be changed from time to time as the legislature determines it ought to be changed. In that regard, these requirements differ from those already considered in this case. The right to representation by counsel and the right to have grand jury action taken before a plea may be required are rights based upon constitutional provisions.

Indeed, it has been held that the statute is an act of grace and that courts should not be overanxious to extend its benefits: Commonwealth v. Duffy, 96 Pa. 506, 514 (1881) ; Commonwealth of Pa. v. Foster, 111 Pa. Superior Ct. 451, 456 (1934) ; and see also "The Statute of Limitations in Criminal Law: a Penetrable Barrier to Prosecution," 102 U. of Pa. L. Rev. 630 (1954). Its benefits may be waived, as it has been held they were when a defendant entered a plea of guilty

upon a bill found beyond the period of statutory limitation: Commonwealth ex rel. Patterson v. Ashe, 154 Pa. Superior Ct. 397 (1944).

On the other hand, it has been held that the consequences which follow a failure to indict within the statutory period cannot be nullified because the delay was due to an order of court dispensing with the regular session of a grand jury at which the indictment in question could have been found: Commonwealth of Pa. v. De Maria, 110 Pa. Superior Ct. 292 (1933). More recently, the Superior Court stated again that an indictment is fatally defective which shows on its face that it was found more than two years after the commission of the offense and fails to allege that defendant had not been an inhabitant or usual resident of this State at any time before indictment: Commonwealth v. Cody, 191 Pa. Superior Ct. 354, 359 (1959) ; Commonwealth v. Werner, 5 Pa. Superior Ct. 429 (1897). If we were to apply this latter rule strictly in the instant case, the motion to quash now before us would have to be granted. However, we do not believe that it need be so applied.

If the rule be one of grace, as we have seen that it is, this defendant is not entitled to much consideration. Not only did he participate in the original act which brought this situation about, but he slept upon his rights for more than seven and a half years before questioning the validity of his incarceration. During his slumber, time ran out. The alarm which awoke him from it was the decision in Gideon v. Wainwright, cited above.

To permit him now to say that he may not be indicted because he slept too soundly and too long would be to produce a truly absurd result. His own acquiescence in the continuation of a situation which he helped to create would be set up as a bar to further prosecution on the pending charges. Obviously, our

Supreme Court did not contemplate such a result when it directed that a new trial be had: Commonwealth ex rel. Johnson v. Maroney, supra. Such a result would not be consistent with justice.

Defendant relies heavily on a quotation from Commonwealth ex rel. Mayernick v. Ashe, 139 Pa. Superior Ct. 421, 424 (1940), where, after determining that a petitioner for a writ of habeas corpus had denied his guilt, had never intended to plead guilty to the charges upon which the questioned sentence was imposed, and that the requirements of the Act of April 15, 1907, P. L. 62, 19 PS §241, concerning the waiver of indictment had not been observed, the Superior Court issued the writ and said, at page 424:

"In view of this fact (that he admitted his guilt to another crime) we suggest that an indictment under that act be prepared, to which relator may plead guilty, or that, by leave of court, it be presented to a grand jury, before the bar of the statute of limitations runs."

It will be noted that the quotation merely suggests an acceptable procedure. It does not amount to a holding that the suggested procedure is the required one.

The quotation is obiter dictum; it was not necessary to a decision of that case. Be that as it may, relator said that he was not guilty of the crime described in the bill upon which sentence was passed, but that he was guilty of another crime. Defendant in the case now before us has nowhere said that he is not guilty of the crime here involved. On the contrary, in his 20-page petition for a writ of habeas corpus, filed in 1963, he made no claim of innocence. The entire thrust of that petition had to do with the fact that he had not been represented by counsel at the time sentence was imposed and that he had not waived his right to such representation. There, defendant revealed what his plea would be. Here, defendant is attempting to avoid the entry of any plea at all.

Finally, in Mayernick, petitioner moved promptly; the sentence concerning which complaint was made was imposed in April 1939, and the Superior Court disposed of the petition for a writ of habeas corpus presented to it in April 1940. As we have already pointed out, defendant in the instant case acquiesed in the situation he helped to create for more than seven years.

For these reasons, we think that the case relied upon is not authority for the contentions which defendant is here making. Accordingly, we believe that defendant's motion to quash the indictments must be denied. It is so ordered.