## Commonwealth v. Hobbs

*Gerald Ingram, Assistant District Attorney,* for Commonwealth.

*Peter Rosalsky, Assistant Public Defender,* for defendants.

McCABE, *J.,* March 7, 1980—The above named defendants are separately charged with counts of welfare fraud in violation of the Public Welfare Code of June 13, 1967, P.L. 36, sec. 481(a), as amended, 62 P.S. §481(a). The final alleged criminal act as to each defendant occurred as follows: Hobbs on October 8, 1976; Campbell on January 25, 1976; and Simmons on September 6, 1976.

Motions have been made on behalf of each defendant to quash the criminal transcript, contending that prosecution is barred by the statute of limitations. The question to be decided is which of three separate statutes applies in each of the above cases.

When originally enacted the Public Welfare Code contained no *special* limitation provision. Prosecutions under the code were limited by the then exist-

ing *general* statute of limitations, which provided that prosecutions must be instituted within two years of the completed criminal act: 18 Pa.C.S.A. §108. These *general* limitation provisions were repealed by the Judiciary Act Repealer Act (JARA), 42 P.S. §20001 et seq., and replaced by the *general* limitations of the Judicial Code, 42 Pa.C.S.A. §5501 et seq., effective June 27, 1978. The Judicial Code, 42 Pa.C.S.A. §5552(a), ordinarily would control offenses of the type herein alleged. It is noted, however, that the Public Welfare Code was amended subsequent to its original enactment and prior to the enactment of JARA and the Judicial Code, and that a *special* four-year limitation period was added, effective September 9, 1976: 62 P.S. §481(c). This provision was *not* specifically repealed by JARA. The scope section of the Judicial Code's "Limitation of Time" provisions, 42 Pa.C.S.A. §5501(a), clearly states:

"(a) General Rule—An action, proceeding or appeal must be commenced within the time specified in or pursuant to this chapter unless in the case of an action or proceeding a different time is prescribed by this title *or another statute. . . .*" (Emphasis supplied.) It seems abundantly clear that the *special* four-year limitation period presently applies to prosecutions under the Public Welfare Code. This finding, and we do so find, is amply supported by the Pennsylvania Bar Association Judicial Code Explanation, 42 Pa.C.S.A. p. VII[1] wherein it is stated:

---

1. This introduction was prepared by William E. Zeiter, Esq. of the Philadelphia Bar Association and concurred in by Hon. Robert A. Doyle, Judge of Common Pleas Court of Allegheny County, acknowledged co-authors of the Judicial Code.

"General. The civil and criminal (transferred from Title 18) statutes of limitation are collected in Chapter 55 of the Code. Chapter 55 is residuary, in the sense that any other statute (e.g., Pennsylvania Securities Act, Public Utility Law, etc.) containing a statute of limitations controls over the inconsistent provisions of Title 42. . . ."

Is there any difference between the Public Welfare Code and the Pennsylvania Securities Act or the Public Utility Law? We think not.

As to defendant Hobbs, the alleged criminal act was committed on October 8, 1976, subsequent to the effective date (September 9, 1976) of the four-year *special* limitation provision of the Public Welfare Code and prosecution was commenced against her within that four-year period. Consequently, as to Hobbs, defendant's motion to quash the transcript on statute of limitations grounds must be denied and the case must proceed to trial.

As to defendants Campbell and Simmons, however, these defendants argue further that, assuming, arguendo, the special four-year limitation provision of the Public Welfare Code rather than the two-year general limitation provision of the Judicial Code *now* applies to welfare fraud cases, it should *not* apply to them. They argue that the *prior general* two-year statute of limitations should apply to their cases because their alleged criminal acts were completed prior to September 9, 1976, the effective date of the *special* four-year statute, viz., January 25, 1976 and September 6, 1976 respectively, at a time when the former *general* two-year statute, 18 Pa.C.S.A. §108, controlled completed welfare fraud offenses. The prosecutions against them were commenced beyond this *general* two-year period and *are* therefore barred. To hold oth-

erwise, they maintain, inter alia, would be violative of the ex post facto law provisions of the United States[2] and Pennsylvania[3] Constitutions.

This question has been decided adversely to defendants and is well settled law in this Commonwealth: Com. v. Duffy, 96 Pa. 506, 514 (1881). The Pennsylvania Supreme Court in Duffy has clearly stated:

". . . [I]n any case where a right to acquittal has not been absolutely acquired by the completion of the period of limitation, that period is subject to enlargement or repeal without being obnoxious to the constitutional prohibition against ex post facto laws."

Duffy has more recently been followed in a well reasoned opinion by District Judge McCune in U.S. v. Richardson, 393 F. Supp. 83 (W.D. Pa. 1974), affirmed on the basis of Judge McCune's opinion, U.S. v. Richardson, 512 F. 2d 105 (3d Cir. 1975). Accordingly, we find that the extended special statute as to both Campbell and Simmons is not an invalid ex post facto law.

One remaining question, raised by defendants, Campbell and Simmons, is whether or not the *special* four-year statute of the Public Welfare Code should be applied retroactively. This, under Duffy, is a matter of legislative intent. Section 481(c) states simply: "There shall be a four-year statute of limitations on all offenses under this section."

The issue remaining before the court is whether the new statute of limitations applied to offenses committed before its enactment. Should the statute be interpreted to apply to offenses already commit-

2. United States Constitution, Article 1, sec. 10, clause 1.

3. Pennsylvania Constitution, Article 1, sec. 17.

ted if the legislature does not specifically say it should? Following the teachings of Richardson we find it should not. In the absence of a clear statement from the legislature that it intended retroactive application of the extended statute we do not think it should be extended by judicial order. We find that the clear language of the statute contains no reference to retroactive application because the legislature did not, when it clearly could have, intend it to so apply. A law is presumed to operate prospectively unless there is a clear expression to the contrary: Hassett v. Welch, 303 U.S. 303 (1938); and criminal statutes of limitations are to be interpreted in favor of repose: Toussie v. U.S., 397 U.S. 112, 115 (1970), cited by the Third Circuit Court of Appeals in Richardson at 106.

We therefore hold that the *special* four-year limitation period of the Public Welfare Code applies only to offenses committed after September 9, 1976, and find that the prosecutions of defendants Campbell and Simmons are time-barred and that the transcripts as to each of them must be quashed and defendants Campbell and Simmons discharged, and it is so ordered.