503 A.2d 33

**COMMONWEALTH of Pennsylvania**

v.

**Thomas Lee BAYSORE, Appellant.**

Superior Court of Pennsylvania.

Submitted July 17, 1985.

Filed Jan. 3, 1986.

James R. Protasio, Assistant Public Defender, Williamsport, for appellant.

Brett C. Feese, District Attorney, Williamsport, for Commonwealth, appellee.

Before TAMILIA, JOHNSON and HOFFMAN, JJ.

JOHNSON, Judge:

We are here asked to decide whether the new, five-year statute of limitations applies to a theft offense committed less than two years before its enactment where prosecution was not commenced until after the former two-year limitation period had expired.

Appellant was charged with the crimes of theft by unlawful taking or disposition, unauthorized use of automobile and other vehicles, receiving stolen property and criminal mischief. The crimes occurred on or about September 9–10, 1981. The complaint was not filed until August 14, 1984 and the information was filed on September 21, 1984.

Following a non-jury trial in the form of a case stated, the trial court found appellant guilty on the first count, theft, and on the fourth count, criminal mischief. The court noted that the second count, unauthorized use of a motor vehicle, and the third count of receiving stolen property merged with the first count of theft. By way of a Motion to Dismiss, and in a timely post-verdict motion, appellant raised the claim that the statute of limitations had expired. These motions were denied and appellant was sentenced to pay costs, restitution and to an indeterminate period of incarceration to range from the minimum of 9 to a maximum of 23 months. The court suspended sentence and

placed appellant on probation for three years. Appellant appeals from the judgment of sentence and raises the claim that the two-year statute of limitations in effect on the date of the commission of the crime, rather than the five-year statute presently in effect, should be applied so as to bar the prosecution.

Appellant argues that when the crimes occurred in 1981 the applicable statute of limitations was two years. Act of July 9, 1976 P.L. 586, No. 142, § 2, *as amended by* Act of April 28, 1978, P.L. 202, No. 53, § 10(64), *as amended by* Act of October 4, 1978, P.L. 873, No. 168, § 1, *as amended by* Act of October 5, 1980, P.L. 693, No. 142, § 206(a) (current version at 42 Pa.C.S. § 5552).

Within the two year period, by Act of May 13, 1982, P.L. 417, No. 122, § 1 (current version at 42 Pa.C.S. § 5552(b)), the legislature extended the statute of limitations applicable to the theft related counts to five years. The two-year statute for criminal mischief was not extended.

The complaint was not filed until August 14, 1984 and the information was not filed until September 21, 1984. Thus, appellant argues that although action was commenced within the amended five-year statutory period, it was commenced beyond the original two-year statutory period in effect in 1981 and should be dismissed.

■ We agree with appellant and find that, while the legislature has the power to extend a statute of limitations retroactively, it has not done so here. Accordingly, we reverse.

■ We note initially that, with respect to the criminal mischief count, 18 Pa.C.S. § 3304, the statute of limitations continues to be two years, as it was at the time the offenses were committed. 42 Pa.C.S. § 5552 (Purdon Supp.1985). The 1982 amendment of the statute of limitations did not extend the two-year period within which prosecutions for criminal mischief must be commenced. The prosecution of appellant for criminal mischief was commenced more than

two years after it was committed. Therefore, appellant's judgment of sentence for criminal mischief is reversed.

With respect to the theft conviction, appellant argues that the 1982 amendment of the statute of limitations should not be applied to a crime which occurred in 1981. We look first to the terms of the statute, itself, for guidance. By way of Act 122 of 1982, the Pennsylvania legislature amended 42 Pa.C.S. § 5552(b), such that a prosecution for theft must be commenced within five years after it is committed. Act of May 13, 1982, P.L. 417, No. 122. This amendment became effective July 12, 1982. *Id.,* § 4(a). The legislature did not specify whether, once effective, the Act was to be applied to thefts occurring before July 12, 1982 or only to thefts occurring on or after its effective date. The Statutory Construction Act of 1972, 1 Pa.C.S. § 1501 *et seq.,* provides that no statute shall be construed to be retroactive "unless clearly and manifestly so intended by the General Assembly." 1 Pa.C.S. § 1926.

In stating when the 1982 amendment was to become effective the legislature made no explicit mention of retroactivity. It did not use the word "retroactive," nor did it say that it should be applied to crimes occurring before its effective date. The legislature merely stated "Section 1 shall take effect in 60 days." Act of May 13, 1982, P.L. 417, No. 122, § 4(a). On its face, then, we see no clear and manifest expression of a legislative intent that the amendment be applied retroactively.

When we look to another amendment of Title 42 Pa.C.S. we find that the legislature can, and does, manifest its intent that that amendment be applied retroactively. For example, when the legislature added 42 Pa.C.S. § 762(a)(1)(ii), relating to Commonwealth Court jurisdiction over appeals from the Court of Common Pleas, it provided that this act "shall take effect immediately and shall be retroactive to December 5, 1980." Act of December 20, 1982, P.L. 1409, No. 326, § 404. This language is an example of an explicit mandate by the legislature that an amendment should be applied retroactively. An explicit use

of the word "retroactive" meets the requirement of a clear and manifest intent of the legislature that the act be applied retroactively. In contrast, when the legislature lengthened the statute of limitations for theft to five years it did not, in any way, manifest an intent that the extension be applied retroactively. The legislature having failed to do this, we cannot infer such an intent. *Cf. Krenzelak v. Krenzelak*, 503 Pa. 373, 469 A.2d 987 (1983).

The principle embodied in the Statutory Construction Act, that the legislature must clearly manifest an intent to apply an act retroactively, is also recognized in case law. It was early established in Pennsylvania that the legislature can extend a statute of limitations by an amendment and can apply the new statutory period to crimes occurring before the extension, so long as the original statutory period has not expired. *Commonwealth v. Duffy*, 96 Pa. 506 (1880). However, in order for the new statutory period to apply to crimes occurring before the extension, the legislature must explicitly refer to the fact that the extension is to be applied retroactively. *Id.* at 514. *See U.S. v. Richardson*, 393 F.Supp. 83 (W.D.Pa.1974), *aff'd*, 512 F.2d 105 (3d Cir.1975). The district court in the *Richardson* case stated that "Congress did not explicitly state that it intended the statute to apply retroactively as it assuredly could have done, and has done [in the past]." *Richardson*, 393 F.Supp. at 87, (footnote omitted). The court concluded that "the statute contains no reference to retroactive application because Congress did not intend it to be so applied." *Id.* (footnote omitted).

Similarly, the Pennsylvania legislature, in enacting Act 122 of 1982, did not explicitly state, as it did with another amendment to the same title, that it intended the amendment to apply retroactively. Without such an explicit expression of legislative intent, we refuse to apply the five-year limitation period to crimes occurring before its enactment. Appellant's prosecution was commenced outside the applicable two-year period. Accordingly, we reverse appellant's judgment of sentence for theft as well as

his judgment of sentence for criminal mischief and we order appellant discharged.

Judgment of sentence reversed. Appellant is ordered to be discharged.