553 A.2d 897

COMMONWEALTH of Pennsylvania, Appellant,

v.

Leroy JOHNSON, Appellee.

Supreme Court of Pennsylvania.

Argued Oct. 28, 1988.

Decided Jan. 27, 1989.

Sandra L. Eilas, Deputy Dist. Atty., Vram Nedurian, Jr., Deborah Fleisher, Asst. Dist. Attys., for appellant.

Gaele McLaughlin Barthold, Deputy Dist. Atty., Ronald Eisenberg, Chief, Appeals Div., for amicus curiae Philadelphia Dist. Atty.

John G. McDougall, Philadelphia, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and STOUT, JJ.

## OPINION OF THE COURT

PAPADAKOS, Justice.

The issue which we are called upon to decide in this case is whether the legislature intended that the new five-year statute of limitations period for rape be applied to offenses not already time-barred by the former two-year period as of the date the new five-year statute became effective. We have concluded that the new five-year statute was intended to apply to such offenses and, hence, we reverse the Superior Court 365 Pa.Super. 643, 526 A.2d 813, on this point.

The facts in this case are as follows. A criminal complaint charging Leroy Johnson, Appellee, with rape (18 Pa.C.S. § 3121), statutory rape (18 Pa.C.S. § 3122), and related offenses was filed on September 13, 1983. The complaint alleged that over a period of time beginning in the Fall of 1977 up to and including August of 1980, Appellee sexually assaulted and raped the minor daughter of a woman with whom he lived during that same period. Effective less than two years after the last alleged rape, by Act of May 13, 1982, P.L. 417, No. 122, Section 1(b), effective in 60 days ("Act 122"), the legislature amended 42 Pa.C.S. § 5552 to extend the statute of limitations for rape, and other major offenses, from two to five years. "A prosecution for any of the following offenses must be commenced within five years after it is committed: ...."

On June 1, 1984, Appellee was convicted by a jury of rape. The Court of Common Pleas of Delaware County sentenced Appellee to five to fifteen years imprisonment, payment of restitution to the victim, and psychological treatment, if necessary, as a condition of parole. In a brief, unpublished memorandum opinion, the Superior Court reversed and ordered that Appellee be discharged. Although

the five-year limitations period was in effect when this prosecution commenced, the Superior Court discharged Appellee because he was prosecuted more than two years after his last criminal act. The Court ruled that the disposition of this case was controlled by *Commonwealth v. Baysore*, 349 Pa.Superior Ct. 345, 503 A.2d 33 (1986), allocatur denied September 30, 1986, in which the Superior Court had held that, although 42 Pa.C.S. § 5552, as amended by Act 122, did not amount to passage of an *ex post facto* law, it was inapplicable to *crimes committed* before its effective date (but which were not already time-barred) because it does not explicitly state that it applies "retroactively" to such crimes. We granted the Commonwealth's petition for allowance of appeal in this case because it has become increasingly apparent to us that *Baysore, supra*, was decided incorrectly.

In *Baysore*, we think that the Superior Court correctly concluded that there was no violation of the constitutional ban on *ex post facto* laws. The case is virtually identical to the matter presently on appeal except that in *Baysore*, the court was dealing with Act 122's extension of the statute of limitations from two to five years for theft. In pertinent part, the Superior Court stated:

With respect to the theft conviction, appellant argues that the 1982 amendment of the statute of limitations should not be applied to a crime which occurred in 1981. We look first to the terms of the statute, itself, for guidance. By way of Act 122 of 1982, the Pennsylvania legislature amended 42 Pa.C.S. § 5552(b), such that a prosecution for theft must be commenced within five years after it is committed. Act of May 13, 1982, P.L. 417, No. 122. This amendment became effective July 12, 1982. *Id.*, § 4(a). The legislature did not specify whether, once effective, the Act was to be applied to thefts occurring before July 12, 1982 or only to thefts occurring on or after its effective date. The Statutory Construction Act of 1972, 1 Pa.C.S. § 1501 *et seq*, provides that no statute shall be construed to be retroactive "unless clear-

ly and manifestly so intended by the General Assembly."
1 Pa.C.S. § 1926.

In stating when the 1982 amendment was to become effective the legislature made no explicit mention of retroactivity. It did not use the word "retroactive," nor did it say that it should be applied to crimes occurring before its effective date. The legislature merely stated "Section 1 shall take effect in 60 days." Act of May 13, 1982, P.L. 417, No. 122, § 4(a). On its face, then, we see no clear and manifest expression of a legislative intent that the amendment be applied retroactively.

\* \* \* \* \* \*

The principle embodied in the Statutory Construction Act, that the legislature must clearly manifest an intent to apply an act retroactively, is also recognized in case law. It was early established in Pennsylvania that the legislature can extend a statute of limitations by an amendment and can apply the new statutory period to crimes occurring before the extension, so long as the original statutory period has not expired. *Commonwealth v. Duffy*, 96 Pa. 506 (1880). However, in order for the new statutory period to apply to crimes occurring before the extension, the legislature must explicitly refer to the fact that the extension is to be applied retroactively. *Id.* at 514. . . .

503 A.2d at 34–35.

A careful reading of this Court's decision in *Duffy, supra*, however, reveals no such requirement that "retroactivity" be referred to explicitly by statute in cases like the one presently before us. In *Duffy*, the Act of March 23, 1877, extending the statute of limitations on misdemeanor forgeries from two to five years (the statute on felony forgeries was already five years) read as follows: "That hereafter the offence of forgery, whether the same be a misdemeanor or a felony, shall not be held barred by the Statute of Limitations, when the indictment therefor shall be brought or exhibited within five years next after the offence has been committed." 96 Pa. at 506. The crime of the defen-

dant in that case occurred on or about September 25, 1875. Hence, the statute in question extending the limitations period from two to five years became effective after the crime was committed but before the initial two year period had run. This Court reversed what amounted at the time to a discharge of the defendant. At page 514 of his opinion in that case, Mr. Justice Green stated:

At the time the Act of 1877 was passed, the defendant was not free from conviction by force of the two years' limitation of the Act of 1860. He therefore had acquired no *right* to an acquittal on that ground. Now an act of limitation is an act of grace purely on the part of the legislature. Especially is this the case in the matter of criminal prosecutions. The state makes no *contract* with criminals, at the time of the passage of an act of limitation, that they shall have immunity from punishment if not prosecuted within the statutory period. Such enactments are measures of public policy only. They are entirely subject to the mere will of the legislative power, and may be changed or repealed altogether, as that power may see fit to declare. Such being the character of this kind of legislation, we hold that in any case where a right to acquittal has not been absolutely acquired by the completion of the period of limitation, that period is subject to enlargement or repeal without being obnoxious to the constitutional prohibition against *ex post facto* laws. A law enlarging or repealing a statutory bar against criminal prosecutions may, therefore, apply as well to past as to future cases if its terms include both classes. Such legislation relates to the remedy only and not to any property right or contract right. The Act of 1877 in the present case was legally operative to enlarge the period of limitation as to the defendant, he having acquired no right of acquittal by virtue of the previous limitation at the time of the passage of the act....

Obviously, the Act of 1877 did not use the word "retroactive" or any substitute for it, yet it was held in *Duffy* to apply to a crime committed before its effective date. The same result is required here.

We do not think that the statute of limitations was applied "retroactively" in any way in either this case or in *Duffy*. The weight of authority, with which we agree, requires the conclusion that it was not. "There is nothing 'retroactive' about the application of an extension of a statute of limitations, so long as the original statutory period has not yet expired." *United States v. Kurzenknabe*, 136 F.Supp. 17, 23 (D.C.N.J.1955). *Accord, People v. Lewis*, 180 Cal.App.3d 816, 225 Cal.Rptr. 782 (1986); *People v. Sample*, 161 Cal.App.3d 1053, 208 Cal.Rptr. 318 (1984); *State v. Hodgson*, 44 Wash.App. 592, 722 P.2d 1336 (1986); *Rose v. State*, 716 S.W.2d 162 (Tex.App.1986); *Rubin v. State*, 368 So.2d 69 (Fla.App.1979). See also, *Commonwealth v. Guimento*, 341 Pa.Superior Ct. 95, 491 A.2d 166 (1985); *Commonwealth v. Patterson*, 236 Pa.Superior Ct. 131, 344 A.2d 710 (1975).

Only where a vested right or contractual obligation is involved is a statute applied "retroactively" when it is applied to a condition existing on its effective date which resulted from events which occurred prior to that date. *Creighan v. City of Pittsburgh*, 389 Pa. 569, 132 A.2d 867 (1957). Plainly, as this Court established in *Duffy*, Appellee had no vested "right" to be free from conviction within two years after he committed the crime for which he was later tried. A criminal statute of limitations is an act of legislative grace, not of right. Thus, the concept of retroactivity, and the correlative presumption of prospectivity embodied in 1 Pa.C.S. § 1926, are inapplicable here.

For the reasons set forth above, the Superior Court decision in *Commonwealth v. Baysore, supra*, is expressly rejected and the Superior Court decision in the instant case must be reversed.

In a Supplemental Brief filed with this Court, Appellee argues that his conviction is void because the trial court, which had originally quashed the criminal information filed against him, rescinded the order to quash more than thirty days after it was filed, without also having granted, in the meantime, a motion to reconsider or stay the proceedings.

Hence, it is argued, the trial court lost jurisdiction to try Appellee. The Commonwealth has not filed a reply brief with this Court and although it was apparently raised, the Superior Court did not reach this issue. When and if the matter is properly presented to them, that Court is the appropriate place for this issue to be addressed initially.

Therefore, the decision of the Superior Court in this matter is reversed. The case must be remanded to that Court for further proceedings not inconsistent with this opinion.

It is so ordered.