STATE of Iowa, Appellee,

v.

**Brad SCHULTZEN, Appellant.**

No. 93–1071.

Supreme Court of Iowa.

Oct. 19, 1994.

Linda Del Gallo, State Appellate Defender, and Andi S. Lipman, Asst. Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Sheryl A. Soich, Asst. Atty. Gen., Thomas S. Mullin, County Atty., and Carol J. Chase, Asst. County Atty., for appellee.

Considered by HARRIS, P.J., and LARSON, CARTER, SNELL, and ANDREASEN, JJ.

LARSON, Justice.

Brad Schultzen was convicted of two counts of second-degree sexual abuse under Iowa Code section 709.3(2) (1993). On appeal, he asserts error in (1) the court's refusal to dismiss the charges on statute-of-limitation grounds, and (2) allegedly denying him his constitutionally guaranteed right to a public trial. (He asks also that we preserve a claim of ineffective assistance of counsel for postconviction relief proceedings.) We affirm.

Evidence at the trial showed that the defendant committed sexual abuse on his young cousin beginning in July 1986 and ending in July 1988. During that time, the defendant was sixteen to eighteen years of age and the victim was four to six.

### I. *The Statute-of-Limitations Issue.*

■ The defendant moved to dismiss the information on the ground that the four-year statute of limitations in effect at the time of the sexual abuse barred his prosecution. The statute then in effect provided:

> An information or indictment for sexual abuse in the first, second or third degree committed on or with a child under the age of ten years shall be found within four years after its commission.

Iowa Code § 802.2 (Supp.1985 & Supp.1987).

The trial information was filed on February 19, 1992. Any acts before February 19, 1988, were outside the statute of limitations and therefore barred from prosecution, according to his argument. The State responds that an amendment to section 802.2 extended the limitation period. It provided:

> An information or indictment for sexual abuse in the first, second or third degree committed on or with a child under the age of twelve years shall be found not later than six months after the child attains eighteen years of age.

Iowa Code § 802.2 (1993). This amendment became effective on July 1, 1990.

The defendant argues that the legislature did not intend to make this extension retroactive to acts committed before its effective date. He points to Iowa Code section 4.5 (1993), which provides that "[a] statute is presumed to be prospective in its operation unless expressly made retroactive" and to the principle that penal statutes must be construed strictly. Further, he argues, citizens must have fair warning of what acts are proscribed, so they can judge their actions accordingly.

The State's principal argument is that statutes of limitations are procedural statutes, which are ordinarily applied both prospectively and retrospectively. *See Schulte v. Wageman,* 465 N.W.2d 285, 287 (Iowa 1991).

■ As a general rule, if a case is once barred by a statute of limitation, it cannot be

resurrected by extending a statute-of-limitation period. *In re Estate of Weidman,* 476 N.W.2d 357, 363–64 (Iowa 1991). In a criminal case, resurrection of a barred case would also run afoul of the ex post facto clause.

> [A]ny statute ... which deprives one charged with crime of any defense available according to law at the time when the act was committed is prohibited as ex post facto.

*Dobbert v. Florida,* 432 U.S. 282, 292, 97 S.Ct. 2290, 2298, 53 L.Ed.2d 344, 356 (1977) (quoting *Beazell v. Ohio,* 269 U.S. 167, 169–70, 46 S.Ct. 68, 68, 70 L.Ed. 216, 217 (1925)). *See* 21 Am.Jur.2d *Criminal Law* § 224, at 410–11 (1981).

■ The present case does not implicate the ex post facto clause because the statute of limitations had not run on the defendant's alleged acts at the time the statute was amended. *See United States v. Madia,* 955 F.2d 538, 539 (8th Cir.1992) (extension of statute of limitations prior to expiration of original statute does not violate ex post facto clause); *People v. Russo,* 439 Mich. 584, 487 N.W.2d 698, 701–02 (1992) (application of extended statute of limitations in sex abuse case not prohibited as ex post facto).

As the Michigan Supreme Court said in *Russo,*

> [t]he sexual assaults were not innocent when committed, the quantum of punishment is unchanged, and the defendant has not been deprived of any defense available to him at the time the acts were committed. The statute of limitations defense was not available to the defendant at the time the assaults were committed or at the time the amendment became effective. The Legislature amended the statute of limitations ... before the defendant had any substantive right to invoke its protection.

487 N.W.2d at 701–02.

While the ex post facto clause does not proscribe application of the amendment, the issue remains whether application of the extended statute of limitations would be impermissible under our general rule that statutes are prospective only unless specifying otherwise. *See* Iowa Code § 4.5.

We need not speculate whether this amendment may be applied retroactively because it was not applied in that manner here. The statute of limitations prospectively prohibits certain prosecutions, *i.e.,* those after six months following the victim's eighteenth birthday. The prosecution here was commenced well within that time.

This was the holding of the Pennsylvania Superior Court in *Commonwealth v. Harvey,* 374 Pa.Super. 289, 542 A.2d 1027 (1988), which was a very similar case. The Pennsylvania legislature had extended a statute of limitations in sex abuse cases. At the time the extension became effective, the original statute of limitations had not run on the defendant's acts. The issue was whether the extended statute of limitations would apply. An earlier Pennsylvania case, *Commonwealth v. Baysore,* 349 Pa.Super. 345, 503 A.2d 33 (1986), had held the prosecution was barred on the ground that the extended statute of limitations could not be given a "retroactive" application.

In *Harvey,* the Pennsylvania court rejected that reasoning and overruled *Baysore.* It held, as we do, that applying the extended statute of limitations was not retroactive because the statute barred only prospective prosecutions. *Harvey,* 374 Pa.Super. at 297, 542 A.2d at 103.

Because the prosecution of the defendant was not barred as of the time the amendment became effective, and the prosecution was commenced before the victim was eighteen years of age, it was not time barred, and the district court properly denied the motion to dismiss.

II. *The Public Trial Issue.*

■ The defendant argues that the trial court's decision to screen three persons in the courtroom abridged his right to a public trial. U.S. Const. art. VI, XIV; *see Des Moines Register & Tribune Co. v. Iowa Dist. Court,* 426 N.W.2d 142, 144 (Iowa 1988) (right to public trial is shared by the accused, public, and press). Our review of this constitutional question is de novo in light of the

totality of the circumstances. *State v. Eubanks,* 355 N.W.2d 57, 58 (Iowa 1984).

On the State's motion, the court ordered the defendant's mother, wife, and sister to sit behind two blackboards during the final portion of the victim's testimony. The purpose was to obstruct the line of view between the victim and the family members while the victim was concluding her testimony. (The defendant's mother was to be a witness at the trial; his sister and wife were mere spectators.)

■ In *Waller v. Georgia,* 467 U.S. 39, 104 S.Ct. 2210, 81 L.Ed.2d 31 (1984), the Supreme Court established stringent criteria for the total *closing* of a trial. The court's order in the present case did not amount to a closure, or even a substantial closure, of the trial. Nevertheless, even applying the stringent tests of *Waller,* we believe the court's screening order was appropriate. *Waller* required:

1. The party seeking to close the hearing must advance an overriding interest that is likely to be prejudiced;

2. the closure must be no broader than necessary to protect that interest;

3. the trial court must consider reasonable alternatives to closing the proceedings; and

4. the trial court must make findings adequate to support the closure.

*Id.* at 48, 104 S.Ct. at 2216, 81 L.Ed.2d at 39.

First, taking the four criteria in order, the protection of the victim from psychological trauma is an "overriding state interest likely to be prejudiced" under *Waller. See generally* Iowa Code ch. 910A (1993) (providing for protection of privacy of child victim). The victim's therapist and a court-appointed special advocate were both heard on the State's motion, and both testified that the victim was nervous, uncomfortable, and traumatized about the idea of talking about the abuse. Additionally, they told the court that defendant's family ostracized the child and shook their heads "no" during her earlier testimony. Aggregating all of these concerns satisfied the first prong of the *Waller* test.

Second, the closure ordered by the court was "no broader than necessary to protect" its interest in the victim's mental health and ability to testify. *Waller,* 467 U.S. at 48, 104 S.Ct. at 2212, 81 L.Ed.2d at 39. All spectators were allowed to be present during the child's testimony; three of them simply had an obstructed view. The court also accommodated the defendant's request that the court attendant sit so that he could tell the court if the women had trouble hearing.

This quasi-closure took place only during a small portion of the child's testimony. (The trial court estimated that it screened just ten percent of the child's testimony.) The remedy adopted by the court was less restrictive than the statutory remedies of closed circuit television of the victim's testimony, or testimony by deposition, as permitted by Iowa Code section 910A.14.

Under the third prong of the *Waller* test, the trial court "consider[ed a] reasonable alternative to closing the proceeding" and actually implemented that procedure with the blackboard-wall.

Last, the trial court made findings adequate to support the screening. It noted the need to balance the protection of the child against the need to seek the truth through her testimony, free from any signaling or other suggestive conduct on the part of any persons in the courtroom.

The court in this case met the requirements of *Waller* and did not deny the defendant his right to a public trial by the screening of three family members.

### III. *The Ineffective–Assistance Claim.*

■ The defendant asserts that he received ineffective assistance of counsel at the trial and requests that we preserve this issue for possible postconviction proceedings. The State agrees that the issue should be preserved.

In the recent case of *Dunbar v. State,* 515 N.W.2d 12 (Iowa 1994), we established a requirement that a person seeking relief states specific ways in which counsel's performance was inadequate and identify how competent representation probably would have changed the outcome. *Id.* at 15.

In this case, the defendant claims that witnesses were available, but not used, who could possibly have established that other parties were responsible for the abuse. The record on appeal is inadequate to resolve the issue of alleged ineffective assistance of counsel, and we preserve this matter for possible postconviction proceedings.

**AFFIRMED.**