J-S60016-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEREMY ALLEN COOL | : | |
| | : | |
| Appellant | : | No. 1926 WDA 2016 |

Appeal from the PCRA Order November 18, 2016
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0002709-2012

BEFORE: OLSON, J., DUBOW, J., and STEVENS, P.J.E.*

MEMORANDUM BY DUBOW, J.: FILED DECEMBER 22, 2017

Appellant, Jeremy Allen Cool, seeks review of the Order denying his Petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. We affirm the Order, but remand for further proceedings in light of Commonwealth v. Muniz, 164 A.3d 1189 (Pa. 2017) (OAJC).

On July 17, 2013, a jury found Appellant guilty of eleven counts of sexual offenses he committed against two then-minor victims over a five-year period, from 1992 to 1997, including Involuntary Deviant Sexual Intercourse ("IDSI"), Indecent Assault, and Rape. On October 23, 2013, the court sentenced Appellant within the standard range of the sentencing guidelines to an aggregate term of 22 to 44 years' incarceration. The court

_____
* Former Justice specially assigned to the Superior Court.

noted on the sentencing order that Appellant "was NOT found to be a SVP—Must register for Lifetime." Sentencing Order, dated 10/23/13.[1]

This Court affirmed the Judgment of Sentence and our Supreme Court denied allowance of appeal. See Commonwealth v. Cool, 1898 WDA 2013 (Pa. Super. Filed Nov. 14, 2014) (unpublished memorandum), appeal denied, 582 WAL 2014 (Pa. filed June 3, 2015).

On May 26, 2016, Appellant filed a pro se PCRA Petition asserting ineffective assistance of trial and appellate counsel and challenging the legality of his sentence pursuant to Alleyne v. United States, 133 S.Ct. 2151 (2013).[2] On August 26, 2016, the court appointed William J.

_____

[1] At the sentencing hearing, the prosecutor informed Appellant that due to the nature of his violations, he must register for his lifetime following his release from incarceration "pursuant to Megan's Law," and detailed the requirements of that duty. N.T. Sentencing, 10/23/13, at 6-8. Appellant acknowledged his receipt and understanding of those requirements with written signature. The court filed a separate Order on October 23, 2013, ordering that Appellant not be classified as a sexually violent predator.

[2] Appellant raised the following issues in his PCRA Petition: (1) ineffective assistance of trial counsel for (a) failing to object when the trial court referred to "victims" instead of "alleged victims" when charging the jury; (b) failing to object to the trial court's lack of clarity in instructing the jury on the elements of IDSI and Rape of a child; (c) failure to object to the imposition of 4 mandatory minimum sentences on IDSI and Rape convictions in light of Alleyne; (2) ineffective assistance of trial and appellate counsel for failing to challenge the trial court's ruling that it had jurisdiction due to the running of the statute of limitations on the offenses of Indecent Assault, Corruption of Minors, and Endangering the Welfare of a Child, with respect to one victim, claiming that the statute of limitations expired when the victim turned 20 years old, which had occurred eight years before the filing of the charges.

Hathaway, Esq., to represent Appellant and provided him 30 days to file an amended/supplemental PCRA petition.[3]  By letter dated September 19, 2016, Appellant requested Mr. Hathaway to request an extension to file an amended Petition because he had other issues he wished to raise in an amended PCRA Petition.   On September 26, 2016, counsel filed a Petition for Leave to Withdraw and a "no-merit" letter pursuant to Commonwealth v. Turner, 944 A.2d 927 (Pa. 1988), and Commonwealth v. Friend, 896 A.2d 607 (Pa. Super. 2006), abrogated in part on other grounds, Commonwealth v. Pitts, 981 A.2d 875, 879 (Pa. 2009).[4]

On October 18, 2016, the court filed an Order granting counsel's withdrawal request.  Appellant, now pro se, did not seek to file an amended

_____

[3] On June 24, 2016, the court had appointed the Erie County Public Defender's Office to represent Appellant and directed that an amended PCRA Petition be filed within 30 days, i.e., by July 25, 2016.  Appointed counsel received a letter from Appellant on July 15, 2016, expressing his concern regarding a conflict of interest because the attorney who represented him at his preliminary hearing and throughout the pre-trial phase of the case also worked at the Erie County Public Defender's Office.  Counsel filed a Motion to Withdraw on July 19, 2016, which the court granted on August 26, 2016, in the same order directing the appointment of Mr. Hathaway.

[4] In the Friend letter, counsel informed Appellant that "in the event that the Court grants the application of counsel to withdraw, he has the right to proceed pro se or with the assistance of privately retained counsel."  See Letter, dated September 26, 2016, from William J. Hathaway, Esq., to Appellant.  In Commonwealth v. Pitts, 981 A.2d 875, 879 (Pa. 2009), the Pennsylvania Supreme Court opined that "[t]o the extent Friend stands for the proposition that an appellate court may sua sponte review the sufficiency of a no-merit letter when the defendant has not raised such issue, we disavow such holding."

PCRA Petition or otherwise file any document raising any additional issues, despite being informed by counsel of his ability to do so in the Friend letter.

Also on October 18, 2016, the PCRA court filed a one-page Opinion and Notice of Intent to Dismiss pursuant to Pa.R.Crim.P. 907 rejecting Appellant's ineffectiveness claims and jurisdictional challenges, and noting that Alleyne was inapplicable because the court had sentenced Appellant without reference to any mandatory minimums and within the standard range of the sentencing guidelines. See Opinion, dated 10/18/16. Appellant responded to the court's Rule 907 Notice by filing a Notice of Appeal, which the Erie County Clerk of Courts rejected because Appellant failed to indicate from what he was appealing. On November 18, 2016, the PCRA Court denied Appellant's PCRA Petition.

Appellant filed a timely pro se Notice of Appeal. The PCRA Court did not order Appellant to file a Pa.R.A.P. 1925(b) Statement. On January 9, 2017, the court filed a one-sentence "Memorandum Opinion" relying on its October 18, 2016 Opinion.

In his Brief, Appellant presents the following questions for our review:

I.    Was sentencing and appellate counsel ineffective in failing to adequately raise and litigate challenges to the mandatory minimum that were unconstitutional?

II.   Was trial counsel ineffective in failing to adequately raise and litigate challenges to the numerous deficient jury instructions that were charged to the jury?

III.  Was trial counsel ineffective in failing to adequately raise and litigate challenges to the statute of limitations?

- 4 -

IV.     Was trial, sentencing[,] and appellate counsel ineffective in failing to raise and litigate challenges to the Erie Police Department's lack of subject matter jurisdiction over several of the charges?

V.      Was trial, sentencing[,] and appellate counsel ineffective in failing to raise and litigate challenges to the numerous Brady violations throughout the proceedings against the Appellant?

VI.     Was PCRA Counsel ineffective in failing to thoroughly review the record and have meaningful contact with the Appellant?

VII.    Was Appellant denied due process of law due to the cumulative ineffective assistance of counsel by his trial, sentencing, appellate and PCRA Counsel?

VIII.   Was Appellant deprived of a fair and just review of his "complete case file" in violation of Brady and his constitutional rights to the same?

Appellant's Brief at 4.[5]

On August 25, 2017, Appellant filed an Application for Post-Submission Communication, raising a challenge to the legality of his sentence based on Commonwealth v. Muniz, 164 A.3d 1189 (Pa. 2017) (OAJC).[6] On September 18, 2017, this Court granted the Application and directed the

_____

[5] In his PCRA Petition, Appellant did not assert any ineffectiveness claims with respect to alleged Brady violations or the Erie Police Department's jurisdiction to arrest him. Appellant has, thus, waived issues IV, V, and VIII. Pa.R.A.P. 302(a).

[6] On July 19, 2017, the Pennsylvania Supreme Court filed its decision in Muniz holding that the enhanced registration requirements of the Sexual Offender Registration and Notification Act ("SORNA") are punitive and, therefore, applying SORNA retroactively is a violation of the ex post facto clauses of the U.S. Constitution and Pennsylvania Constitutions. 164 A.3d at 1223.

parties to file post-submission communications to address the applicability of Muniz, supra, to the instant case.

Appellant responded that because the crimes at issue here occurred in 1992 through 1997, the application of SORNA's registration requirements, enacted in 2012, violated the ex post facto clause of the state constitution. He further avers that because the Muniz court found the sex offender registration requirements to be punitive and their application, thus, violative of the ex post facto clause, the application of any of the prior Megan's Law registration requirements would be improper. The Commonwealth responded by requesting this Court to remand this issue to the PCRA court for the appointment of counsel and consideration of the applicability of Muniz to the facts of this case.

Muniz raises a question regarding the legality of Appellant's sentence. This court may review issues regarding the legality of sentence sua sponte. Commonwealth v. Edrington, 780 A.2d 721, 723 (Pa. Super. 2001). The applicability of Muniz to Appellant's case appears to be meritorious on its face. Accordingly, we remand to the PCRA court for the appointment of new counsel and consideration of the applicability of Muniz to Appellant's sentence. However, we affirm the PCRA court's Order with respect to the other issues raised by Appellant in his PCRA Petition.

STANDARD AND SCOPE OF REVIEW

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. Commonwealth v. Fears, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if the record supports them. Commonwealth v. Boyd, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. Commonwealth v. Ford, 44 A.3d 1190, 1194 (Pa. Super. 2012).

INEFFECTIVE ASSISTANCE OF COUNSEL

Appellant's issues each challenge the effective assistance of trial, appellate, and PCRA counsel. The law presumes counsel has rendered effective assistance. Commonwealth v. Rivera, 10 A.3d 1276, 1279 (Pa. Super. 2010). The burden of demonstrating ineffectiveness rests on Appellant. Id. To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different." Commonwealth v. Fulton, 830 A.2d 567, 572 (Pa. 2003). Failure to satisfy any prong of the

test will result in rejection of the appellant's ineffective assistance of counsel claim. Commonwealth v. Jones, 811 A.2d 994, 1002 (Pa. 2002).

With respect to layered ineffectiveness claims, the Pennsylvania Supreme Court has provided the following guidance:

> [I]n order for a petitioner to properly raise and prevail on a layered ineffectiveness claim, sufficient to warrant relief if meritorious, he must plead, present, and prove the ineffectiveness of Counsel 2 (appellate counsel), which as we have seen, necessarily reaches back to the actions of Counsel 1 (trial counsel). To preserve (plead and present) a claim that Counsel 2 was ineffective in our hypothetical situation, the petitioner must: (1) plead, in his PCRA petition, that Counsel 2 was ineffective for failing to allege that Counsel 1 was ineffective for not [taking the suggested actions], see Commonwealth v. Marrero, 748 A.2d 202, 203, n. 1 (2000); and (2) present argument on, i.e., develop, each prong of the Pierce test as to Counsel 2's representation, in his briefs or other court memoranda.

Commonwealth v. McGill, 832 A.2d 1014, 1022 (Pa. 2003) (emphasis in original).

"Where, however, the petitioner fails to plead, present[,] and prove all three prongs of the Pierce test regarding the underlying issue of trial counsel's ineffectiveness, … [a] petitioner is unable to establish the requisite arguable merit prong of his layered claim of appellate counsel's ineffectiveness." Commonwealth v. Reyes, 870 A.2d 888, 897 (Pa. 2005) (citation omitted).

Additionally, it is well-settled that an appellant may not raise challenges to PCRA counsel's effectiveness for the first time on appeal. See

Commonwealth v. Henkel, 90 A.3d 16, 20 (Pa. Super. 2014) (citing cases).

We address each of Appellant's challenges underlying his ineffectiveness claims seriatum.

Mandatory Minimum Sentences

Appellant first claims that trial counsel and appellate counsel provided ineffective assistance because neither of them raised an Alleyne[7] claim to challenge the trial court's alleged imposition of mandatory minimum sentences. This claim is without factual basis and is, thus, meritless.

Although the Commonwealth had filed a "Notice of Intent to Seek Mandatory Minimum Sentence," our review of the sentencing transcript indicates that at no time did the sentencing court refer to any mandatory minimum sentences. Rather, after noting its review of, inter alia, the Pennsylvania Sentencing Code, the presentence report, and the Pennsylvania guidelines on sentencing, the court stated:

> Having considered all of the circumstances, … [t]he sentences will be from the high end of the standard range of the guidelines, weighing the defendant's offenses, the course of conduct, the abuse of trust and responsibility, and the impact on the victims against what the defendant has accomplished, the reputation he currently enjoys, and the fact that he has no prior criminal history of any significance.

_____

[7] The Alleyne Court held that, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory minimum must be submitted to a jury and proved beyond a reasonable doubt. Id., 133 S.Ct. at 2160-61.

N.T. Sentencing, 10/23/13, at 25.

The court sentenced Appellant within the standard range of the guidelines and without reference to mandatory minimum sentences. Because there is no merit to his underlying claim, Appellant has failed to prove the first prong of this ineffectiveness claim and it, thus, fails.

### Jury Instructions

Appellant next asserts that trial counsel provided ineffective assistance of counsel because he failed "to object to incorrect and/or deficient jury instructions." Appellant's Brief at 12. He asserts that the "trial court gave an inadequate and inaccurate instruction" by "omit[ting] parts or adding words to the jury's instruction that thus chang[ed] the meaning of the jury instruction." Id. Appellant fails to indicate the source of the predicate instruction from which the trial court omitted parts or to which the court added. Rather, he cherry-picks certain instructions that were given, and sets forth incomplete sentences and phrases that the court should have provided. See id. at 12-14.[8] Appellant has not developed this claim so as

_____

[8] For example, Appellant avers that the trial court "did not charge the jury with the legal definition of what sexual intercourse was. The only thing that the trial court stated to the jury was what allegedly the Appellant was alleged of doing." Appellant's Brief at 13, citing N.T. — Trial, 7/17/13 at 85. The court properly charged the jury with the meaning of sexual intercourse as it related to the evidence that was presented in this case. See id. (court instructing that "[a] person commits rape of a child when the person engages in sexual intercourse with a child who is less than 13 years of age. (Footnote Continued Next Page)

to enable this Court to provide meaningful review. Accordingly, this challenge is waived. See Commonwealth v. Clayton, 816 A.2d 217, 221 (Pa. 2002) (OAJC) ("[I]t is a well-settled principle of appellate jurisprudence that undeveloped claims are waived and unreviewable on appeal." (citation omitted)); Commonwealth v. Williams, 732 A.2d 1167, 1175 (Pa. 1999) (recognizing "unavailability of relief based upon undeveloped claims for which insufficient arguments are presented on appeal"); Pa.R.A.P. 2119 (setting forth briefing requirements).

Even if the claim were not waived, we would conclude it is without merit. Our standard of review in assessing a trial court's jury instructions is as follows:

> [W]hen evaluating the propriety of jury instructions, this Court will look to the instructions as a whole, and not simply isolated portions, to determine if the instructions were improper. We further note that, it is an unquestionable maxim of law in this Commonwealth that a trial court has broad discretion in phrasing its instructions, and may choose its own wording so long as the law is clearly, adequately, and accurately presented to the jury for its consideration. Only where there is an abuse of discretion or an inaccurate statement of the law is there reversible error.

Commonwealth v. Kerrigan, 920 A.2d 190, 198 (Pa.Super.2007) (internal citations, quotation marks, and brackets omitted).

We have reviewed the jury instructions that the trial court provided and conclude that the court "clearly, adequately, and accurately presented"

(Footnote Continued) ——————————

Sexual intercourse as to this case occurs if a man's penis penetrates the anus of the child.").

- 11 -

the applicable law. The trial court did not abuse its discretion. Because Appellant's underlying claim has no merit, Appellant's ineffectiveness claims fails.

Failure to Litigate Statute of Limitations

Appellant next asserts that the statute of limitations had run on three of the offenses charged in connection with one of his two victims, and trial counsel was ineffective for failing to raise this issue. He avers that pursuant to 42 Pa.C.S. §5552, the Commonwealth had until July 3, 2004, when the victim became 20 years old, to file the charges against him, and the filing on August 6, 2012, was, thus, 8 years late. See Appellant's Brief at 15. He also avers that the application of new legislation extending the limitations period violated ex post facto laws, and "trial counsels [sic] failure to raise an objection to and litigate challenge to the Statute of Limitations issue shows arguable merit and satisfied the first prong of the Peirce [sic] test." Appellant's Brief at 16. This claim has no merit.

Contrary to Appellant's contention, counsel raised the same issues Appellant asserts here pertaining to the Statute of Limitations in an Omnibus Pretrial Motion filed January 11, 2013. The Commonwealth filed a responding Brief and, at the trial court's behest, Appellant's counsel filed a supporting Brief responding to the Commonwealth's arguments. On February 22, 2013, the trial court entered an Order denying the Motion. After noting its review of Appellant Omnibus Pre-trial Motion, the

- 12 -

Commonwealth's Response to the Motion, and Appellant's Brief in Support of the Motion, the court relied on Commonwealth v. Johnson, 553 A.2d 897 (Pa. 1989) and Commonwealth v. Harvey, 542 A.2d 1027 (Pa. Super. 1988) to support its denial. See Order, dated 2/22/13.

Because trial counsel fully litigated Appellant's challenges to the Statutes of Limitations, there is absolutely no merit to Appellant's assertion that counsel failed to do so. Accordingly, this claim fails.

PCRA Counsel's Ineffectiveness

In his next issue, Appellant alleges that PCRA counsel provided ineffective assistance because Appellant did not have "meaningful contact" with him and "could not have performed the mandatory review of Appellants [sic] 'complete case file'" because in response to an order that PCRA Counsel forward the "complete case file," counsel forwarded only 35 single-sided pages of documents. Appellant's Brief at 21-22. Appellant also asserts that he was prejudiced by PCRA counsel's actions because he "was not ... able to raise all of the issues of Ineffective Assistance of Counsel" he wished to raise. Id. at 22.

As noted above, claims of PCRA counsel's ineffectiveness cannot be raised for the first time on appeal. Henkel, supra, at 20. Rather, a petitioner must raise such claims in a serial PCRA petition or in response to the PCRA court's Rule 907 Notice to Dismiss. Id. at 29. Petitioner did not

file a response to the court's Rule 907 Notice to Dismiss. Accordingly, this claim is unreviewable.

Cumulative errors of trial, appellate, and PCRA counsel

In his final issue, Appellant avers that he was denied his constitutional right to effective assistance of counsel "throughout all of the proceedings," and notes that "if multiple instances of deficient performances are found, the assessment of prejudice properly may be premised upon cumulation." Appellants Brief at 22-23. Having found no merit to each of the issues underlying Appellant's ineffectiveness claims, we cannot find cumulative error where Appellant has failed to prove singular error. Accordingly, Appellant's final claim is without merit.

Order affirmed. Case remanded for further proceedings. Jurisdiction relinquished.

Judge Olson concurs in result.

President Judge Emeritus Stevens concurs in result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/22/2017


- 14 -